44 193
109 613

ALBERT D. NOBLE AND FRANK L. NOBLE v. RICHARD BOURKE, GARNISHEE OF MARCUS W. BATES.

*Practice by motion—Affidavits—Discharge of garnishee.*

Affidavits relating to a motion but not regarded by the court in deciding it, are not part of the record and will not be regarded on error from the order made.

A garnishee may properly be discharged with his lawful costs if there is undue delay in bringing the principal defendant, and if the maintenance of the proceeding against the garnishee appears to be an abuse of process.

Error to Superior Court of Detroit. Submitted June 17. Decided June 23.

GARNISHMENT. Plaintiffs brings error. Affirmed.

*Miller & Clarke* for plaintiffs in error.

*Larned & Babcock* and *Fraser & Gates* for defendants in error. A garnishee ought not to be indefinitely detained until process can be served on the principal defendant: *Washburn v. N. Y. etc. V. M. Co.* 41 Vt. 50; *Lovejoy v. Albee* 33 Me. 414; and the fact that he has made his disclosure will not prevent his discharge: Drake on Attachment 451, n. 4, 696; *Mathews v. Sands* 29 Ala., 136; *Flash v.*

*Paul* id. 141; *Desha v. Baker* 3 Ark. 509; *Berry v. Anderson* 2 How. (Miss.) 649 ; *Delafield v. Wright* 3 Sandf. 746.

GRAVES, J.   January 7, 1880, the plaintiffs caused a summons to be issued from the Superior Court of Detroit in their favor against Bates.   At the same time they obtained a garnishee summons against Bourke and caused it to be served immediately.   February 2d the garnishee made disclosure and admitted an indebtedness to Bates of $100.   The first summons expired without any service on Bates, and on the 15th of March an *alias* summons was sued out, returnable June 1st.   March 25th the court ordered the plaintiffs to show cause on the 27th why Bourke should not be discharged and allowed his fees as a witness and $15 for counsel.   The motion was regularly heard, and the court on the 6th of April ordered Bourke's discharge and that he be allowed his fees as a witness and an attorney fee of $15.

Bates, the principal defendant, has never been served or made amenable in any way to the action, and there is nothing to create an inference that his subjection to the jurisdiction is practicable.   The plaintiffs have brought error on the order discharging Bourke.   No exceptions have been settled, and the case presents the bare record only.

The affidavits relating to the motion are no part of the record, and cannot be regarded.   The order complained of was a discretionary proceeding to relieve the garnishee for want of prosecution, and it is not possible to say, on what is legitimately before the court, that the discretion was abused ; and were all the papers entitled to consideration, it is not perceived that a different conclusion would be authorized.   It cannot be maintained that a party by literal adherence to the forms of law can keep the hands of a garnishee tied indefinitely, and such would be the case if he were allowed to perpetuate his hold by simply taking out process after process against the principal defendant without getting service upon him, or by some other means securing his subjection to the action.   The court in which the proceedings are carried on

must certainly be empowered to conduct an inquiry in cases where extraordinary delay in bringing in the principal defendant is shown, and thereupon to discharge the garnishee with lawful costs if .it is made to appear that the retention of the proceeding against him is unjust and in substance and effect an abuse of the process of the court.

No error is shown, and the judgment is affirmed with costs.

The other Justices concurred.