E. P. HANSARD, Respondent, v. GERMAN INSURANCE COMPANY OF FREEPORT, ILLINOIS, Garnishee of BOWE, Appellant.

### St. Louis Court of Appeals, April 23, 1895.

1. **Justices' Courts:** GARNISHMENT OF FOREIGN INSURANCE COMPANIES. A foreign insurance company can not be summoned as garnishee by a constable by the service of the summons on the superintendent of the Insurance Department, the statute for the service of process against foreign insurance companies by service on such superintendent not being applicable to such a summons.

2. ———: SERVICE OUTSIDE OF COUNTY. *Held*, in the course of discussion, that a writ issued by a justice of the peace can not be executed outside of the limits of his county.

3. ———: AFFIRMANCE OF VOID JUDGMENT ON APPEAL. A judgment of a justice of the peace which is void can not be affirmed on appeal.

4. ———: SERVICE OF NOTICE OF APPEAL: EFFECT OF RETURN OF SERVICE. The fact of the service of the notice of an appeal from the judgment of a justice is established, at least *prima facie*, by the official return thereof by an officer authorized to make the service.

*Appeal from the Barry Circuit Court.*—HON. J. C. LAMSON, Judge.

REVERSED AND CAUSE DISMISSED.

*Harrison & Harrison* for appellant.

*Cloud & Davies* for respondent.

ROMBAUER, P. J.—The record in this case discloses the following facts: The plaintiff, who is a resident of Lawrence county, obtained a judgment against Bowe before a justice of the peace in Barry county. The justice issued an execution thereon to a constable of Barry county, who, in his turn, not finding any property in the county whereon to levy the same, issued a garnishee summons to be served upon the defendant garnishee, which is a nonresident corporation. This summons was sent to the sheriff of the city of St. Louis, who served it upon the defendant garnishee by service on the superintendent of the insurance department, and returned it to the constable who filed it as a return in the case. The plaintiff thereupon filed interrogatories before the justice, which the garnishee answered, denying all indebtedness, and the plaintiff took issue by reply. On the day set for the hearing of this issue the garnishee appeared before the justice, but the plaintiff did not, and the justice rendered a judgment in favor of the garnishee for its costs. On the succeeding day the justice set aside this judgment in the garnishee's absence on the ground that the plaintiff had no legal notice of the setting, and reset the case for trial on the second day of December, 1893. On the last named day the plaintiff appeared, and, the garnishee not appearing, the justice rendered a judgment against the garnishee for the amount of plaintiff's

judgment and costs.   It does not appear that any notice was ever given to the garnishee of the vacation of the former judgment, and of the resetting of the cause.   The garnishee, learning of this last judgment, within due time took an appeal to the circuit court of Barry county.   That court, at the term succeeding the one to which the appeal was returnable, on motion of the plaintiff affirmed the judgment of the justice on the ground that no sufficient notice of the appeal had ever been given to the plaintiff by the garnishee. From this judgment the garnishee appeals, and assigns, among other errors, that the judgment of the justice was void and that the court erred in affirming it; also that the court erred in holding that the notice of appeal given to the plaintiff was insufficient.

Both these errors are well assigned.   The record clearly shows that the justice never had any jurisdiction over the debt in the hands of the garnishee, and never could have rendered any valid judgment condemning such debt, or any part thereof.   The process mentioned in section 5912 of the Revised Statutes of 1889, which may be served on a foreign insurance company by serving the superintendent of insurance, is the process issued by a court of justice, and not the process issued by a constable.   We are aware of no law which enables a justice to give to his execution an extra territorial force, that is, one extending beyond the limits of his county.   The statute provides that he may issue the execution to any constable in the county, but not to an officer outside of the county, nor is, in the case at bar, the process served on the garnishee a process issued by the justice.   It is true that a garnishee may, by his negligence in pleading, invite an order of payment which will be binding upon himself while it fails to bind his creditor, but courts should avoid this hardship by discharging the garnishee while they have con-

trol of the proceeding. *Fletcher v. Wear*, 81 Mo. 524. It is an elementary proposition that a judgment of a justice of the peace, which is void, can not be affirmed on appeal. The justice's judgment was void, as he had neither jurisdiction of the debt condemned, nor jurisdiction of the person of the garnishee when he rendered judgment against it. As the judgment was a nullity, its affirmance goes for naught.

The court also erred in holding that the first notice of appeal given in the case was insufficient. That notice was formally sufficient in every respect. It was served by an officer, authorized by law to serve such notices, within territorial limits in which he was authorized to make such service, and the service must be held to have been made on his official oath. The return was at least *prima facie* evidence of the fact of service (*Boyle v. Tolen*, 8 Mo. App. 95), and, as there is no pretense in the case that service of notice was not had as stated in the return, but all the facts indicate that it was had, the court should have treated the notice as sufficient.

The garnishee asks for an allowance for answering in this court, but we are of the opinion that such allowance should be denied. As successful party, it is entitled to costs and no more. Had it pleaded to the jurisdiction of the justice, as it was its duty to do, all subsequent costs would probably have been avoided, as we must assume that the justice in accordance with law would have discharged the garnishee on such plea.

The judgment is reversed and the cause dismissed. All the judges concur.