THE KANSAS INVESTMENT COMPANY v. R. I. JONES.
NO. 74.

GARNISHMENT—*Extent of Garnishee's Liability.* Proceedings in garnishment do not change the legal relations and rights existing between the defendant and the garnishee, nor place the plaintiff in a more favorable position for the enforcement of a claim against the garnishee than would be the defendant in an action brought by him for the same cause; nor can any one be held in such proceedings to the payment of a liability which the defendant could not himself enforce because of existing equities and set-offs.

MEMORANDUM.—Error from Shawnee circuit court; J. B. JOHNSON, judge. Action on a contract by R. I. Jones against J. J. Lawrence and others. The Kansas Investment Company was summoned as garnishee. Judgment against said garnishee. It brings the case here. Reversed. The opinion herein, filed December 5, 1895, states the facts.

*Wheeler & Switzer*, for plaintiff in error.
*John V. Abrahams*, for defendant in error.

The opinion of the court was delivered by

GARVER, J.: In an action commenced January 6, 1891, in the district court, and afterward transferred to the circuit court of Shawnee county, by R. I. Jones against J. J. Lawrence *et al.*, for the recovery of money alleged to be due the plaintiff on contract, the plain-

tiff in error, The Kansas Investment Company, was summoned as garnishee. The garnishee answered, denying any indebtedness to Lawrence, and also denying that it had possession or control of any property belonging to him. Upon this answer issue was joined by the plaintiff, which was tried by the court on August 29, 1891, and judgment rendered against the garnishee for the sum of $279. This decision is assigned as error, and is the only matter presented for review by this court.

It is elementary law that proceedings in garnishment do not place the plaintiff in the action in a more favorable position for the enforcement of a claim against the garnishee than was the defendant at the time the summons in garnishment was served. The service of the garnishment summons operates as a conditional assignment to the plaintiff of any claim which the defendant might have against the garnishee, without otherwise affecting the legal relations or liabilities of the parties. Any matter which the garnishee could urge as a defense to an action brought by the defendant will be equally efficient when interposed in a proceeding in garnishment. (*Lumber Co. v. Trust Co.*, 54 Kan. 124; Drake, Att. §§ 458, 672.) Applying this rule to the facts in this case as they are disclosed by the evidence, without substantial dispute or controversy, it is clear that the garnishee is not liable. Its answer and supplemental answer, as well as the other evidence introduced upon the trial, show that, in September, 1889, J. J. Lawrence negotiated with the investment company for the loan of $3,600, for which he gave his four separate notes and mortgages upon different properties in the city of Topeka for the sum of $900 each, due in five years, with semiannual payments of interest. The money was

loaned upon the security of the mortgaged premises with a view to the completion of improvements then being made thereon, and with the distinct understanding and agreement that the money was to be paid out therefor by the investment company from time to time, as the construction of the buildings progressed. At the time the garnishee summons was served, the investment company had paid out in the agreed manner all of the said money except $279. Lawrence had failed in his undertaking. The buildings were abandoned in an unfinished condition, and remained so at the time of the trial, so that, as found by the court, it would require more than $500 to complete them in the manner contemplated when the loan was made. The investment company clearly had a right, under these circumstances, to hold the balance of the loan for the purpose of being used in the completion of the buildings, or as an indemnity against loss from the failure of Lawrence to fulfil the contract on his part. The fund was for a special use, and not subject to garnishment. (*Lumber Co. v. Trust Co.*, supra.)

It also appears that three of the $900 notes and mortgages had been transferred by the investment company, with a guaranty of payment, to other parties ; that Lawrence failing to pay, the interest as it matured was paid, according to its guaranty, by the investment company, which was, at the time of the filing of its supplemental answer as garnishee, as set up in such answer, and as shown by the undisputed evidence introduced upon the trial, the holder and owner of the coupons representing such payments of of past-due interest to an amount exceeding $279. These were all matters connected with and growing out of the very contract under which it was claimed

the investment company owed the $279 to Lawrence, and it cannot affect the question that some of the payments of interest may not have been made until after the service of the garnishment summons.

Under these circumstances, we cannot perceive on what theory it can be held that a creditor of Lawrence can enforce the payment by the investment company of the $279, the amount unpaid on the loan, in order that it may be applied on a claim which such creditor may have against Lawrence.   It is too plain for argument that Lawrence himself could not do so without making good his own contracts and obligations to the investment company.   The creditor stands in no more favored position.

Counsel for the defendant in error raises the objection that the record does not show that it contains all the evidence introduced upon the trial.   We think, however, that it fairly appears that it is a full and complete record, so far, at least, as the evidence is concerned, and that everything that could have a legitimate bearing upon the result of the trial is before us.

The judgment will be reversed, and the case remanded for further proceedings in accordance with this opinion.

All the Judges concurring.