C. T. BRADLEY *et al.* v. E. M. BYERLEY *et al.* ·
No. 34.

1. GARNISHMENT—*Jurisdiction—Courts of Appeals.* This court has the power to review the action of the trial court in discharging a garnishment, though the record does not contain the judgment in the original action.

2. ——— *Effect of Order.* Garnishment proceedings bind only such property, moneys, and credits, not exempt by law from execution, as belong to the defendant, and in the possession of the garnishee, or owed by him at the time of the service of the process upon the garnishee.

3. ——— *Realty Held in Trust.* Where real estate is conveyed by the debtor to a person in trust to answer a *bona fide* debt due another, such trustee is not liable in proceedings in garnishment, unless it appears that at the time of service of the notice in garnishment a surplus remained in his hands belonging to the debtor after answering the requirements of such trust.

MEMORANDUM.—Error from Barber district court; C. W. ELLIS, judge. Action by C. T. Bradley and others against E. M. Byerley and others. From an order discharging garnishees and taxing attorneys' fees to plaintiffs they bring the case to this court. Affirmed: The opinion herein, filed December 7, 1895, states the material facts.

*S. L. Overstreet,* and *W. S. Denton,* for plaintiffs in error.

*G. M. Martin,* for defendants in error J. P. Hall, Andrew Axline, and Nannie Runyan.

The opinion of the court was delivered by

COLE, J.: On April 25, 1889, Bradley & Metcalf brought an action in the district court of Barber county against the firm of Byerley, Dark & Runyan, and at the same time filed an affidavit in garnishment upon which a summons was issued to James P. Hall, Nannie Runyan, and Andrew Axline, as garnishees.

The garnishee defendants Axline and Runyan filed their answers, denying generally that they were indebted in any manner to the principal defendants or that they had under their possession or control any property, money or credits belonging to said principal defendants. James P. Hall filed his answer, in which he set forth that he had in his possession and under his control certain property belonging to said principal defendants, a part of which was real and a part personal. He set forth in his answer that he held the personal property by virtue of a certain chattel mortgage which had been executed by the principal defendants to him to secure certain indebtedness, a portion of which was due to him personally, and the balance to certain other creditors named in said chattel mortgage. He further set forth in his answer that he held deeds to certain property which had been executed by said principal defendants, and the purpose for which he held the same ; and further, that the principal defendants Byerley & Dark, who had succeeded the firm of Byerley, Dark & Runyan, had executed their chattel mortgages upon the personal property of which he had possession, subject to the one which had been given to Hall. The plaintiffs filed a written exception to the answers of said garnishees, and served notice upon each of them that objection was made to the discharge of said garnishees, or either of them, from liability under their said answers, and, the issue having thus been joined under the statute, the case came on for hearing between the plaintiffs and the garnishee defendants; whereupon the plaintiffs asked leave of court to dismiss said action as to the garnishee defendants Axline and Runyan, without prejudice to a future action, and further asked that said dismissal be granted without the taxation of at-

torneys' fees for said garnishee defendants; and the court sustained the application of the plaintiffs to dismiss, but overruled said application so far as the taxation of the attorneys' fees was concerned.   After the court had ruled that the attorneys' fee would be taxed in favor of each of said garnishee defendants, the plaintiffs asked leave to withdraw their offer of dismissal, and to proceed with the trial upon the answer of said defendants, which motion the court overruled; and after the ruling of the court taxing the attorneys' fees in favor of each of said garnishee defendants, as well as the refusal of the court to permit the withdrawal of the offer to dismiss, the plaintiffs duly excepted.   Thereupon the trial proceeded as between the plaintiffs and the garnishee defendant James P. Hall. And the plaintiffs, having introduced all their evidence, rested, and filed their motion for judgment upon the evidence introduced by them in the case, which motion was by the court overruled, and judgment rendered discharging the said garnishees and taxing the costs, including attorneys' fees against the plaintiffs.   From the ruling of the court discharging each and all of said garnishees, as well as taxing the attorneys' fees in each case, plaintiffs in error bring the case here for review.

Counsel for defendants in error urged as a preliminary question that this court cannot review the matters in controversy for the reason that the record does not contain the final judgment in the original action. This position is not well taken.   Paragraph 4641, General Statutes of 1889, provides:

"The supreme court may also reverse, vacate or modify   .   .   .   an order that grants or refuses a continuance; discharges, vacates, or modifies a provisional remedy."

Bradley v. Byerley.

Under this portion of said section, this court has the power to review the action of the trial court in discharging the garnishees from liability ; and where the record contains everything necessary for this court to pass upon the errors complained of in that regard it is sufficient to challenge our attention, though the record does not contain the final judgment in the original case.

Plaintiffs in error urge a number of reasons why the judgment of the trial court should be reversed, and we shall proceed to consider them in the order in which they are presented.    The first assignment of error upon which plaintiffs in error rely is, that "the court erred in dismissing the said action as to the defendant Nannie Runyan, and taxing the cost, including $25 for attorney fees, against the plaintiffs in error."    The record discloses that when the issue had been joined as between the plaintiffs in error and the garnishee defendant Nannie Runyan, and the time had arrived for the trial of said issue, plaintiffs in error moved the court for permission to dismiss said action, and, as a separate request, also moved the court that such dismissal be made without taxation of the attorney's fee provided by statute.    The court granted the motion to dismiss, but very properly held, under the circumstances of this case, that the attorney's fee must be taxed as against the plaintiffs.

A garnishee defendant can only be held liable where there is either property, money or credits in the hands of such garnishee belonging to the principal defendant, and if the plaintiff excepts to the answer filed by such garnishee it becomes necessary to try the issue thus framed.   This is a separate trial from that which may arise between the plaintiffs and principal defendants, and the garnishee is thereby compelled to

obtain counsel to represent his interests in such trial, and the statute wisely provides that, in such a case, if the plaintiff fail to prove any liability on the part of the garnishee, he shall contribute the amount named in the statute to assist in defraying the expenses incurred by the garnishee in the litigation. Nor do we think that the court erred in afterward refusing to permit plaintiffs to withdraw their dismissal. When plaintiffs come into court and ask the court to dismiss an action, and the request is granted, it is within the discretion of the trial court as to whether such dismissal shall be set aside or not, and, in this case, we cannot say that the trial court abused that discretion. The other assignments of error urged by plaintiffs may all be considered under one head, as all allude to the action of the court in discharging the garnishee defendant James P. Hall. It is shown by the record that the principal defendants in this action were indebted to James P. Hall in the sum of $1,500, and that there also existed certain other indebtedness of said principal defendants due to Nannie Runyan and Mrs. Wall. The evidence disclosed that these were all *bona fide* debts, and these debts were secured by a chattel mortgage executed by the principal defendants to Hall, each note being specially referred to in the chattel mortgage, and it being specifically stated in said mortgage that the security was to be used in paying such indebtedness. The principal defendants had also conveyed to Hall a store building, described as lot six (6); South Main street, Medicine Lodge ; also, lot twelve (12), on Second avenue, in the same city, a piece of real estate which is described as Byerley's homestead, and, also, the south half of the northwest quarter and the north half of the southwest quarter, section 27, township 31, range 11, in Barber county.

So far as any liability of the garnishee is concerned with regard to the stock of goods, the evidence disclosed that no surplus remained in his hands after the satisfaction of the debts for which such goods were pledged, and the evidence further shows clearly that, after the satisfaction of the chattel mortgage given to Hall, the balance of the goods was taken possession of by the Citizens Bank under a chattel mortgage, the *bona fides* of which is not controverted. All these claims were a lien upon the stock prior to the proceedings in garnishment instituted by the plaintiffs. In order to establish a liability upon the part of the garnishee, there must be a surplus in his hands after the satisfaction of the debts for which the property stands pledged. Such surplus did not exist so far as the goods in this case are concerned, and the court, therefore, committed no error in holding that with regard to said goods there was no liability upon the part of the garnishee Hall. So far as the conveyance of the store building is concerned, the evidence discloses that it had not been placed on record, and that the deed conveying the same had been returned to the principal defendants on April 23, two days before the service of the summons in garnishment upon Hall. Garnishment proceedings bind only such property, money and credits as belong to the defendants, in the possession of the garnishee, or owed by him to the defendants, at the time of the service of the process in garnishment. With regard to the piece of real estate described as Byerley's homestead, and also lot twelve (12), on Second avenue, the plaintiffs are in no position to complain. It is immaterial what transfers had been made of these two pieces of real estate or the purpose for which such transfers had been made. The evidence clearly discloses that one of those tracts was

the homestead of Byerley and the other the homestead of Runyan; such being the case, they could in no way be liable for any indebtedness which might be due from the principal defendants to the plaintiffs, for the lien as against the garnishee could be no greater than the judgment lien against the principal defendant. Garnishment proceedings can only reach such property, whether it be real or personal, as may be by law not exempt from execution. (Gen. Stat. 1889, ¶ 4296.)

Did the court commit error in discharging the garnishee defendant Hall from liability with regard to the tract of land described as "the south half of the northwest quarter and the north half of the southwest quarter, section 27, township 31, range 11," the deed for which was held by Hall at the time he was served with process as garnishee in this case? We have had some difficulty in answering this question, and it is only after an examination of many authorities, not only of our own state but of others, that a conclusion has been reached. The evidence is not very clear, but the position of the trial court seems to have been that this piece of property was conveyed to Hall in trust for G. B. Runyan, for the purpose of securing a debt which was due to him for money which had been placed in the business of Byerley, Dark & Runyan, and we think there is sufficient evidence to sustain this conclusion of the trial court. Such being the case, the real estate sought to be reached had ceased to be the property of the principal defendants, and was held by the garnishee Hall, not as their property, but in trust for G. B. Runyan, and he would, therefore, not be liable in this action, because he had possession of the deed conveying said real estate.

(*Morrill v. Raymond,* 28 Kan. 415; *Franklin v. Colley,* 10 id. 261; Drake, Att. [3d ed.], § 539.)

Perceiving no error in this case, the judgment of the district court is affirmed.

All the Judges concurring.