THE R. T. DAVIS MILL COMPANY v. C. W. BANGS
AND W. K. BANGS, *Partners, et al.*

**No. 219.**

1. GARNISHMENT AND ATTACHMENT—*the first a lien from service, the other from levy.* A. gave a chattel mortgage to B. to secure an indebtedness upon a stock of goods of value largely in excess of the amount of the debt, and B. took possession of the same upon a failure to perform the obligations of the mortgage on the part of A. C., another creditor of A., brought an action of garnishment on his claim and served a garnishment summons upon B. while in possession of the mortgaged goods. D., another creditor, brought attachment, under which the sheriff took the goods. *Held*, that the lien of the garnishment is prior and superior to that of the later attachment.

2. ———— *garnishment creates lien from time of service thereof.* A garnishment creates a lien on the property of the debtor in the hands of the garnishee from the time of the service of the same.

3. ———— *attachment creates lien from time of service of order.* An attachment creates a lien on the property attached from the time of the service of the order of attachment.

Error from Wyandotte Court of Common Pleas. Hon. T. P. Anderson, Judge.   Opinion filed July 16, 1897.   *Affirmed.*

About noon on the twenty-ninth day of June, 1891, R. J. Dunning, the owner of a chattel mortgage given by Alexander Collins, took possession of the stock of goods pledged in the mortgage. On the same day various other creditors of Collins, among whom were C. W. Bangs & Son, the plaintiffs below, brought their actions and caused garnishee processes to issue against Dunning. The garnishee summonses were duly served on Dunning that afternoon at various times. Later in the afternoon of the same day, the plaintiff in error, the R. T. Davis Mill Company, and

Henry Albers, to each of whom Collins was indebted, caused attachments to be levied upon the property of Collins described in the chattel mortgage given to R. J. Dunning and in his possession. Under agreement of the parties, the property was sold by the sheriff, the Dunning mortgage paid from the proceeds of the sale, and the balance taken into court to await its final decision. The sale was had on the twenty-first day of July, 1891. The garnishing creditors, C. W. Bangs & Son, having procured judgment upon their claim, and Dunning having answered that the property had been taken from him by the sheriff under the order of attachment, commenced this action asking that the sheriff and his deputies be restrained and enjoined from disposing of the proceeds of the sale of the goods, or applying the same on any judgment or judgments, until the final hearing of the cause ; that he be required to hold all such money as a receiver, until the further order of said court and the final hearing of the cause ; that, on the final hearing of the cause, they might have a personal judgment against the sheriff for the sum of $232.50, and that such judgment be declared a first lien upon the property taken by the sheriff. An injunction was granted as prayed for, and a motion to discharge it was overruled. The matter was tried by the court, findings of fact and conclusions of law were made, holding, in substance, that the liens of the garnishments were prior to the liens of the attachments, and judgment was rendered accordingly.

*Getty & Hutchings*, for plaintiff in error.

*George Littick* and *Hutchings & Keplinger*, for defendants in error.

40       Mill Co. v. Bangs.

N. Dept.      Opinion.   Wells, J.      6 Kan. App.

WELLS, J. The real questions in this case are: Can the surplus value of personal property in the hands of a mortgagee be held by another creditor of the mortgagor by a garnishment of the mortgagee in possession, as against attaching creditors of the mortgagor? and, if this be answered in the affirmative, then, Does the lien of the garnishment accrue upon the surplus in the hands of the garnishee at the time of the service of the summons, so as to make it prior to an attachment then in the hands of the sheriff and afterwards levied upon the property ? Both of these questions must be answered in the affirmative.

It is claimed by the plaintiff in error that a garnishment constitutes only a personal liability against the garnishee, and is not a specific lien upon the property in his hands. It is probably true, as stated in Drake on Attachments (§ 453), "that the plaintiff does not acquire a clear and full lien upon the specific property;" but he does acquire such a lien as the courts will protect and enforce, as was done in this case.

Since this case was submitted, our attention has been called by plaintiff in error to *Lumber Co. v. Trust Co.* (54 Kan. 124), and *Bradley v. Byerley* (3 Kan. App. 357), as decisive of this case in its favor. We do not not think either of these cases decides the law to be as claimed by plaintiff in error. The contention here is, that a mortgagee in possession of property under his mortgage cannot, before he has sold his property and satisfied his debt, be garnisheed as a debtor, or as one having property of the mortgagor. In *Lumber Co. v. Trust Co.*, supra, the court says :

"A garnishment proceeding is no more than a substitution of the plaintiff for the defendant debtor in the enforcement of any liability against the garni-

shee, and therefore the plaintiff can acquire no greater rights against the garnishee than the debtor himself possessed or could enforce.''

Accepting this statement of the law as correct, let us inquire if the debtor had no right to the property which he could protect if it was about to be misapplied. Is not the same property reached by both the garnishment and the attachment? It is conceded that the mortgagee is entitled to have his interest in the property fully protected, but he has not the privilege of dictating the disposition of the surplus in his hands so as to defeat the rights of a diligent creditor in favor of one who is less diligent.

The other case cited, *Bradley v. Byerley*, supra, is no stronger. In that case the court held that ''such trustee is not liable in proceedings in garnishment, unless it appears that at the time of service of the notice in garnishment a surplus remained in his hands belonging to the debtor.'' There was no question but that there was a large surplus in this case; in that there was none. We see no material error in this case.

Complaint is made that the court erred in granting a temporary injunction without notice, and in refusing to dissolve the same upon motion of the plaintiff in error. The question of requiring notice before granting injunctions in cases like this is one which appeals to the discretion of the court before whom the application is made. We see no abuse of discretion in this case.

The judgment of the District Court will be affirmed.