AMELIA E. SHOTWELL to use of HARRY MARK-
HAN, Appellant, v. JOHN R. WREN et al., Defend-
ants; SWOFFORD BROS. DRY GOODS COMPANY,
Garnishee, Respondent.

**Kansas City Court of Appeals, June 18, 1900.**

1. **Garnishment:** INSUFFICIENT RETURN: PROMPT DISCOV-
ERY: GARNISHEE'S ALLOWANCE: EVIDENCE. Where an
execution and return thereon summoning a garnishee have been lost
and upon being supplied, the parties go to trial and the garnishment
is defeated by the insufficiency of the sheriff's return—jurisdiction of
the subject-matter not being obtained—the plaintiff can not de-
feat the garnishee's allowance for expenses incurred in preparing his
defense on the merits, on the ground that it did not promptly dis-
cover and present the defect in the return, and besides the evidence
in the record does not support such theory.

2. ———: ———: ———: ———: ATTORNEY'S DUTY. It is as
much the duty of the plaintiff's attorney to ascertain whether the
service is sufficient to lay hold of the property in the garnishee's
hands as it is the duty of the attorney for the garnishee.

Appeal from the Macon Circuit Court.—*Hon. Nat M.
Shelton,* Judge.

AFFIRMED.

*H. K. & H. J. West* for appellant.

(1) A garnishee will not be allowed for attorney fees
and expenses unnecessarily incurred by him, nor for such
expenses incurred when he assumes an attitude adverse to
plaintiff. Hansard v. Ins. Co., 62 Mo. App. 146-149; 8
Am. and Eng. Ency. of Law, p. 1266; 2 Shinn on Attach-
ment and Garnishment, sec. 698; Hanson v. Butler, 48 Me.

81; Moursund v. Piess, 84 Tex. 554; Rood on Garnishment, sec. 400. (2) The reason for allowing a garnishee for attorney fees and expenses incurred by him in a garnishment proceeding is that he is a disinterested stakeholder brought into litigation between other parties and forced to disclose the condition of his account with the defendant and for his attorney fees and expenses in making such disclosure the law undertakes to compensate him. It is for disclosing and making known the condition of his accounts with defendant and not for concealing or resisting such investigation that the garnishee is allowed compensation. See authorities cited above.

*B. R. Dysart, Ben Eli Guthrie* and *Ellis, Reed, Cook & Ellis* for respondent.

(1) Appellant's contention that the objection to the want of jurisdiction came too late, is without validity and in the face of the record. (2) The jurisdiction was a matter of vital importance to the garnishee and can be raised at any stage of the proceeding. Fletcher v. Wear, 81 Mo. 524; Gates v. Tusten, 89 Mo. 13; Mangold v. Dooley, 89 Mo. 111; Norvell v. Porter, 62 Mo. 309. (3) The respondent was entitled to recover its expenses and attorney's fees and have them taxed as costs. O'Reilly v. Cleary, 8 Mo. App. 186; R. S. 1889, sec. 5239; R. S. 1899, sec. 3456; McQuarry v. Geyer, 57 Mo. App. 213. Hansard v. Ins. Co., 62 Mo. App. 146-149, is clearly not in point. Toombs v. Moore, 64 Mo. App. 667. (4) The contention of appellant is applicable only to cases where the garnishee has funds in his hands and does not confess them, or confesses the possession of funds but denies their liability to garnishment and undertakes to protect the defendant by his defense. Toombs v. Moore, *supra*.

ELLISON, J.—In June, 1896, plaintiff obtained judgment in the circuit court of Linn county against the Marceline Opera House Co. and defendant Wren. One of the objects of the suit was to foreclose a mortgage on the opera house property. The property was sold under the judgment leaving a balance of $2,300 due plaintiff. The judgment was assigned to Harry Markham, who afterwards had execution issued and directed to the sheriff of Jackson county. The sheriff executed the writ by summoning Swofford Bros. Dry Goods Co. as garnishee. The garnishee appeared and filed an answer to the interrogatories, stating that the company did not owe defendant and that it had no money or property of defendants in its possession or control. This was denied by plaintiff and it was charged that the garnishees were aiding in covering property for defendant.

A change of venue was then granted to the Macon Circuit Court. There was some difficulty in getting a complete transcript from the Linn Circuit Court, which caused one or more continuances in the Macon court. Among some other imperfections of transcript was that the execution upon which the garnishment was made was lost. This was finally supplied by copy and the parties thereupon went to trial. The garnishee then made the point to the court that there was no sufficient service of garnishment so as to give the court jurisdiction over the subject-matter or *res*. This was sustained and plaintiff thereby defeated in his garnishment proceedings.

This controversy then arose by reason of the garnishee presenting a claim for expenses and attorneys' fees. The trial court allowed $614.09. No instructions were asked. The sole question presented by plaintiff is that it was the duty of garnishee's attorneys to have discovered the objection as to the sufficiency of the garnishment and made it

known before such great expense had been incurred; and the latter part of the opinion in the case of Hansard v. Ins. Co., 62 Mo. App. 146, is cited to sustain the point. If we concede that a garnishee would not be permitted to stand by with knowledge of a fatal defect in the proceedings until great expense had been incurred on the merits and then have that expense allowed to him under the statute, yet we can not see how such rule can be applied to this garnishee. Here, the execution with return disclosed the defect and it was lost. It was finally restored by copy and when this was done the garnishee, in reasonable time, discovered and made known the point. So, therefore, there was no lying by with knowledge until large expenses had been incurred, and plaintiff's point is not sustained on the facts disclosed.

But conceding that the execution and return had not been lost and had been available all the time for examination by the garnishee's attorneys, yet there is nothing in the record to show that they actually discovered and became aware of the point which they afterwards made, but held it back until the expense had been incurred.

There is something said in the record that, though in fact they did not, they might have discovered it by using diligence. Primarily it was, at least, as much the duty of plaintiff's attorneys to ascertain the point as to whether they had sufficient service to lay hold on the money or property charged to be in garnishee's hands as it was the duty of the attorneys for the garnishee. The fact that it was undiscovered by the able and diligent counsel for plaintiff ought to go far towards excusing their brethren on the other side.

We find ourselves without proper cause for disturbing the judgment and it is accordingly affirmed. *Smith, P. J.,* concurs; *Gill, J.,* absent.