PHYSICIANS AND DENTISTS SERVICE BUREAU, INC. v.
JAMES LESLIE.
FARMERS & MERCHANTS STATE BANK, GARNISHEE.[1]

March 13, 1936.

No. 30,668.

*R. F. Schroeder,* for appellant.
*Reuben G. Thoreen,* for garnishee-respondent.

HILTON, JUSTICE.

Appeal from a judgment for costs against plaintiff entered upon an order of the district court granting respondent's motion to dismiss a garnishment proceeding.

Plaintiff, as assignee, commenced this action against the defendant to recover for professional services rendered defendant. A copy of the complaint was filed with the clerk of court, together with an affidavit of garnishment. Thereafter a garnishment summons was served on the garnishee, the respondent herein, returnable before the court at special term on June 10, 1935. Plaintiff paid the garnishee the usual garnishee fees.

The defendant and the garnishee appeared by their attorney at the time set for the disclosure and waited in court some time for

[1]Reported in 265 N. W. 820.

the plaintiff to appear. The latter failing to do so at all, the court, on motion of the garnishee, dismissed the garnishment proceeding, released the garnishee from all liability in the matter, and ordered that the garnishee have judgment against the plaintiff for costs in the sum of eight dollars. Judgment was entered thereon. This is an appeal from that judgment.

Plaintiff contends that the court erred in granting the garnishee's motion for costs.

2 Mason Minn. St. 1927, § 9380, provides:

"* * * If the action is in the district court, no judgment shall be rendered against the garnishee where the indebtedness proved against him, or the value of the money or property of the defendant in his hands or under his control, is less than twenty-five dollars; and in all such cases the garnishee shall be discharged, and shall recover his costs, and have execution therefor against the plaintiff."

Under 2 Mason Minn. St. 1927, § 9479, costs not exceeding ten dollars may be allowed on motion.

Under a statute providing that reasonable attorney's fees may be taxed against the plaintiff where the answer of the garnishee is not controverted, the garnishee is entitled to such fees even though the answer is controverted. Whitehouse v. Nelson, 43 Wash. 174, 86 P. 174. Where there is unusual delay in bringing in the principal defendant or in serving him with process, it has been held that the garnishee may be discharged and costs assessed against the plaintiff. Noble v. Bourke, 44 Mich. 193, 6 N. W. 237. The dismissal of a proceeding against a garnishee after the latter has made a disclosure amounts to a failure "to recover judgment against such garnishee," and the garnishee is entitled to his costs as provided in a statute allowing them for failure to recover judgment. Ellison v. Ralston, 19 Mo. App. 537, 539. It has been held that a garnishee may have an allowance for expenses incurred in preparing his defense even though the garnishment is defeated by the failure of the plaintiff to obtain jurisdiction over the subject matter of the action. Shotwell v. Dry Goods Co. 85 Mo. App. 151. After issue has been joined a plaintiff cannot escape taxation of costs against him by

asking for a dismissal of the garnishment proceeding. Bradley v. Byerley, 3 Kan. App. 357, 42 P. 930. In Schwerin v. De Graff, 19 Minn. 359 (414), it was indicated that counsel fees and necessary expenses may, in the discretion of the court, be allowed in garnishment proceedings.

In none of the cases that we have been able to find, including those above cited, has a plaintiff, by an omission on his part or by a mere technicality, been able to avoid the payment of costs to a garnishee. In the instant case the garnishee employed counsel and appeared in court on the return date stated in the garnishee summons. Had plaintiff appeared it is possible that the garnishee might have disclosed no indebtedness whatever or an indebtedness of less than $25 to the defendant. Under our statute, § 9380, it is clear that the garnishee then would have been entitled to his costs. To permit the plaintiff to avoid such costs by abandoning the proceedings through failure to appear on the return date would nullify the effect of the statute. The burden was on the plaintiff to continue with the proceedings, which would have determined any indebtedness on the part of the garnishee to the defendant. Plaintiff made no effort in advance of the hearing or at any other time to inform the garnishee that the proceedings were to be discontinued or abandoned. Under such circumstances plaintiff certainly is in no position to complain of the action of the lower court.

Affirmed.