**In re Vincent Paul RODRIGUEZ and Cherlene Blanche Rodriguez, Debtors.**

**Bankruptcy No. 91–22085.**

United States Bankruptcy Court, D. Kansas.

May 7, 1992.

Ron D. McMorris, Kansas City, Mo., for debtors.

## MEMORANDUM OPINION AND ORDER

BENJAMIN E. FRANKLIN, Chief Judge.

This matter comes on before the Court pursuant to the November 14, 1991 hearing on the motion by St. Francis Hospital Medical Center (hereinafter "creditor") for extension of time to appeal the Court's order of October 8, 1991. Vincent Paul Rodriguez and Cherlene Blanche Rodriguez (hereinafter "debtors") appeared by and through their attorney, Richard G. McMorris. Debtor Vincent Rodriguez also appeared in person. There were no other appearances. The Court sustained creditor's motion for extension of time to appeal, and entered its written Order on November 14, 1991, extending the time for the appeal until November 24, 1991. The parties have agreed to submit to the Court for a decision, by written stipulations and arguments, the creditor's concerns over the Court's October 8, 1991 Restraining Order and Order Releasing Garnishments.

Debtors' motion to avoid lien with St. Francis Hospital Medical Center also came up for hearing on January 23, 1992. The debtors appeared by and through their attorney, Richard G. McMorris. Creditor appeared by and through its attorney, Linn Lauver. There were no other appearances. Upon the filing of stipulations and briefs of the parties, the Court took both matters under advisement.

## FINDINGS OF FACT

Based upon the pleadings, the record and the stipulations of the parties, this Court finds as follows:

1. That on March 20, 1991, creditor filed an action against debtors in the District Court of Shawnee County, Kansas (hereinafter "state court") based upon an unpaid medical bill totaling $917.50 for medical services provided to debtors' minor daughter.

2. That on May 13, 1991, the state court granted creditor a judgment against debtors in the amount of $917.50, plus court costs. The judgment was not appealed.

3. That on August 19, 1991, the judgment creditor filed a wage garnishment against debtor Vincent Paul Rodriguez.

4. That the garnishment was answered on October 1, 1991, showing that $422.96 was withheld from the wages due debtor Vincent Paul Rodriguez, for the pay period of September 2, 1991, through September 29, 1991.

5. That the employer/garnishee never received an order to pay the $422.96 into the state court.

6. That on October 8, 1991, debtors filed this bankruptcy under Chapter 7 of Title 11, United States Code.

7. That on October 8, 1991, this Court entered its Restraining Order and Order Releasing Garnishments.

8. That on October 14, 1991, creditor's attorney filed a document requesting that the garnishee pay the money into the state court. The request was never acted upon

due to the debtors bankruptcy and the Court's Restraining Order and Order Releasing Garnishments.

9. That on October 22, 1991, the employer/garnishee sent the $422.96 which it was holding pursuant to the garnishment to the employee/debtor. Debtor Vincent Rodriguez subsequently spent the $422.96.

10. That on December 4, 1991, debtors filed a motion to avoid alleged lien. The motion asks this Court to avoid any lien which may exist on the $422.96 which was withheld from debtor's wages pursuant to the garnishment. The motion asserts that any lien which was obtained by the creditor impairs exemptions to which debtors are entitled.

### CONCLUSIONS OF LAW

 Debtors first argue that the garnished funds were not subject to a lien because the funds were never paid into state court by the garnishee. However, the Court finds that the creditor obtained a valid lien on the garnished funds. Property rights in bankruptcy are determined by looking to state law. *See Butner v. United States*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979). Pursuant to Kansas law, the creditor's garnishment lien attached at the time of the service of the order of garnishment. *See In re Boden*, 61 B.R. 329, 331 (Bankr.D.Kan.1986); *In re Grant*, Case No. 89–10362 (Bankr.D.Kan. March 5, 1990) (*citing Mill Co. v. Bangs*, 6 Kan.App. 38, 49 P. 628 (1897)).

 In the alternative, debtors seek to avoid any lien which the creditor may have on the garnished funds in issue. Debtors assert that they claimed the wages as exempt pursuant to K.S.A. § 60–2310. K.S.A. § 60–2310 sets forth the maximum amount of an individual's wages which may be subject to garnishment. K.S.A. § 60–717(c) provides that an order of garnishment shall have the effect of attaching the nonexempt portion of the defendant's earnings and defines nonexempt earnings as earnings which are not exempt from wage garnishment pursuant to K.S.A. § 60–2310 and amendments thereto. Because under K.S.A. § 60–717(c) the amount of funds garnished from a debtor's wages may not invade that portion of the wages which are exempt, wages that are properly garnished can never be "exempt".

Section 522(f) of 11 U.S.C. provides that the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled. The Court finds that debtors were not entitled to an exemption with regard to the garnished funds. Therefore, debtors cannot avoid the lien pursuant to § 522(f).

The creditor has also asked this Court to determine whether this Court's October 8, 1991 Restraining Order and Order Releasing Garnishments required this creditor to release to the debtor the garnished funds in issue. However, the Court notes that the garnished funds in issue have already been released to the debtor and debtor has spent said funds. The Court finds that this issue is therefore rendered moot.

IT IS THEREFORE, BY THE COURT, ORDERED That debtors' motion to avoid alleged lien be and the same is hereby DENIED.

IT IS FURTHER, BY THE COURT, ORDERED That creditor's request for a determination of the effect of the Court's October 8, 1991 Restraining Order and Order Releasing Garnishments shall be and the same is hereby rendered MOOT and therefore DENIED.

This Memorandum shall constitute my findings of fact and conclusions of law under Rule 7052 of the Federal Rules of Bankruptcy Procedure and Rule 52(a) of the Federal Rules of Civil Procedure.