CHARLES H. TALCOTT *et al.*

*v.*

THE GRANT WIRE AND SPRING COMPANY.

*Filed at Ottawa January 21, 1890.*

1. CREDITOR'S BILL — *diligence — priority of right.* A creditor who reduces his claim to judgment, sues out an execution, and, upon the same being returned *nulla bona,* files his bill, whereby equitable assets or property of the debtor not subject to execution are discovered and made available, will thereby acquire a priority, or right in equity to have the same first applied in payment of his judgment.

2. SAME — *waiving priority — by agreement.* Where certain creditors of an insolvent corporation, in order to procure the aid of its officers in obtaining judgments on their demands, agreed with the company and its other creditors to file a creditor's bill to reach equitable assets for the benefit of each and all the creditors, and under such agreement they are facilitated in getting judgments and returns of *nulla bona* on

the executions, and are thereby enabled to file their bill, such creditors will not be entitled to priority of payment over other creditors having no judgments. In such case, the diligence of the creditors so filing their bill is the diligence of the other creditors as well.

3. SAME—*consolidation of creditor's bill with bill to dissolve.* Parties filing a creditor's bill against an insolvent corporation, under an agreement that it shall be for the benefit of all the creditors, can not be heard to complain that such bill was, by the court, consolidated, and heard with a prior bill filed by certain simple contract creditors, seeking the dissolution of the corporation and the appointment of a receiver, when those filing the creditor's bill proper are not thereby deprived of any right they would otherwise have been entitled to, and no relief was granted except under their bill.

4. SAME—*parol evidence—to show purpose of obtaining judgment.* Parol evidence is competent to show the agreement under which a party takes a judgment, as, that it was procured and allowed to be taken immediately, to be used as a step on a creditor's bill whereby to reach assets, not only for the plaintiff in the judgment, but for all other creditors of the same debtor. The effect of such evidence is not to impeach the judgment, but to create an equitable estoppel on the judgment creditor, so that he shall not avail of his judgment to the exclusion of other creditors.

5. ERROR WILL NOT ALWAYS REVERSE—*exclusion of evidence.* The exclusion of proper and competent evidence will afford no ground of reversal, where the party offering the same obtains the same relief as if it had been admitted. So a party can not complain of the dismissal of his intervening petition, when he otherwise receives the same relief sought thereby.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. H. M. SHEPARD, Judge, presiding.

Mr. GEORGE S. HOUSE, and Mr. E. C. HAGAR, for the plaintiffs in error:

Parol evidence is not admissible to alter or vary a judgment. 3 Field's Lawyer's Brief, secs. 335, 337; *Fahs* v. *Darling,* 82 Ill. 144.

To give the court jurisdiction of a creditor's bill, the remedy at law must be exhausted. *Scripps* v. *King,* 103 Ill. 469; *Moshier* v. *Meek,* 80 id. 79; *Dewey* v. *Eckert,* 62 id. 218; *Mil-*

*ler* v. *Davidson*, 3 Gilm. 518; *Mugge* v. *Ewing*, 54 Ill. 236; *Greenway* v. *Thomas*, 14 id. 271.

The lien, and the character of it, created by a creditor's bill, is settled in this State in the case of *First Nat. Bank* v. *Gage*, 93 Ill. 172.

The aid of a receiver is not granted in favor of mere contract creditors. High on Receivers, sec. 406; *Uhl* v. *Dillon*, 10 Md. 500.

The appointment of a receiver does not divest previously acquired liens. High on Receivers, sec. 136; *Rutler* v. *Tallis*, 5 Sandf. 610.

Messrs. MUNROE & GEER, and Messrs. MANNING & CASTLE, for Bemis and others.

Messrs. ISHAM, LINCOLN & BEALE, for Naylor & Co.

Mr. MILLARD R. POWERS, for the Grant Wire and Spring Company.

Mr. CHIEF JUSTICE SHOPE delivered the opinion of the Court:

The Grant Wire and Spring Company, a corporation organized under the general laws of this State, being unable to pay its debts then due, and being pressed for payment, on the 15th day of December, 1887, conveyed its mills and all its tangible property to Stuart & Co., one of its principal creditors, in full satisfaction of their claim, and surrendered immediate possession to them. A suspension of the company's business followed, and on the next day a meeting of the unpaid creditors of the company was called at Chicago. On the 17th day of December, 1887, Joseph G. Bemis, a simple contract creditor, in behalf of himself and all other creditors who might come in and contribute to the expense of the suit, filed his bill in the Superior Court of Cook county, seeking a dissolution of the corporation, under section 25, chapter 32, of the Revised Statutes, and praying for the appointment of a receiver, and

for an injunction to restrain the president and secretary of the company from assigning, incumbering or interfering with any of its assets, and from making any entries upon its books, etc. Process and injunction were issued, and served on the same day upon the president and secretary of the company, who were also stockholders.

Appellants, for the purpose of obtaining priority over other creditors, tried to obtain judgment notes, but the officers of the company then refused to do any act whereby to give one creditor a preference over the others. However, at one of the meetings of the creditors it was agreed that plaintiffs in error should bring suit at once, and that the corporation should enter its appearance, waive a jury, and at once proceed to trial, and that upon judgment being rendered in favor of the plaintiffs in error, they should file a creditor's bill for the benefit of themselves and all the other creditors, and apply for a receiver. This was consented to by plaintiffs in error, by the corporation, and by the other creditors present at such meeting. Suits were accordingly brought by plaintiffs in error, the appearance of the corporation entered by plea, and on December 21, 1887, two judgments were rendered therein against the corporation. Executions were issued, and returned no property found, and on the next day plaintiffs in error filed a creditor's bill, which they contend gave them a preference over all other creditors of the company.

Bemis insisted that the receiver should be appointed under his bill, and plaintiffs in error that the appointment should be under their bill, and the court, on its own motion, consolidated the two causes, and appointed a receiver under the bills as consolidated. Naylor & Co., also creditors of the corporation, by leave, filed an intervening petition, in which the agreement was set up, under which plaintiffs in error were allowed to take immediate judgment, and thereby obtain the apparent priority. The two bills were heard together, but the court refused to admit evidence to show that plaintiffs in error had agreed with

the company and its creditors, if allowed to obtain judgment, to file their bill for the benefit of all the creditors, and dismissed the intervening petition, but found that plaintiffs in error were not entitled to a preference or priority over the other creditors, and ordered the funds in the hands of the receiver to be distributed *pro rata* among all the creditors of the corporation. From this decree plaintiffs in error and Naylor & Co. took the case to the Appellate Court, where the decree was affirmed. This writ is prosecuted to the latter court, and the complainant in the creditors' bill, and Naylor & Co., severally assigned errors upon the record.

It in nowise appears that plaintiffs in error were in any manner prejudiced by the consolidation of their bill with the Bemis bill. They were deprived of no right thereby that they would otherwise have been entitled to, and the only relief granted was under their bill. No dissolution of the corporation as asked for in the Bemis bill was decreed. The latter bill, after its amendment, sought simply to dissolve the corporation and wind up its affairs. For anything appearing, or that has been suggested, the decree would have been precisely the same if no such consolidation had been made.

The main point of contention is, that the court erred in its refusal to give plaintiffs in error priority over the other creditors of the corporation. Their claim of priority is based upon the fact that they first obtained judgment, and were the first to file a creditor's bill to reach equitable assets of the debtor, and under which the assets distributed were obtained. It is true that a creditor who reduces his claim to judgment, sues out execution, and, upon the same being returned *nulla bona,* files his bill, whereby equitable assets, or property of the debtor not subject to be taken on execution, are discovered and made available, will thereby acquire a priority or right in equity to have the same first applied in payment of his judgment. Such right or lien rests upon the principle that a diligent creditor should be rewarded for his superior diligence in discovering

assets that would otherwise not have been brought to light. The question here arises, whether, under the particular circumstances shown, plaintiffs in error may avail themselves of this right. It is conceded that the assets, or a major part thereof, were rendered available by their bill, and ordinarily they would be entitled first to satisfaction of their judgment before the assets thus discovered could be applied to the payment of claims of less diligent creditors. There is some conflict in the evidence, but we think it is shown by a clear preponderance thereof that it was agreed, at a general meeting of the creditors, at which plaintiffs in error and the corporation were represented, that plaintiffs in error should take proper steps to reduce their claims to judgment as soon as practicable, and file a creditor's bill to reach the debtor's property not subject to execution, for the benefit of all the creditors. Creditors other than plaintiffs in error urged a general assignment for the benefit of creditors, in which there could have been no preference. The only persons opposed to this were the officers of the company, and their objection seems to have been that such course would let Bemis in for his proportionate share. After frequent refusals of the president and secretary of the company to give plaintiffs in error any preference or advantage over other creditors, it was agreed by all that plaintiffs in error should take immediate steps to reduce their claims to judgment and lay the foundation for filing a creditor's bill for the benefit of all the creditors. In pursuance of such agreement the corporation entered its appearance to the suits commenced by plaintiffs in error, filed its plea to the declaration, waived a jury, and consented to a trial by the court. Immediately upon entry of judgment, executions were issued, and the president of the corporation, by pre-arrangement, came to the sheriff's office that demand for payment and for property might be made. The officers of the corporation persistently refused to aid plaintiffs in error in gaining any advantage over other creditors, and it was only when it

was understood by all the parties that the debts should be paid *pro rata,* and the mode of accomplishing that result agreed to, that we find the officers aiding them.     Under these circumstances other creditors of the corporation might well rest in security, and omit to take steps that they otherwise might have taken.    It is apparent that the officers of the corporation either would not have consented to aid plaintiffs in acquiring their judgments, or would have aided all alike ; and it must be held that the diligence of plaintiffs in error, under the circumstances here shown, is the diligence of the other creditors as well.    Having procured the advantage under an agreement that the proceeding instituted to obtain judgment should be for the benefit of all, they can not now claim a preference over the other creditors, in a court of conscience, in violation of their agreement.

Naylor & Co. have assigned as cross-error the dismissal of their intervening petition, and the refusal of the court to receive evidence offered by them tending to show the agreement under which plaintiffs in error took their judgment.    The evidence offered, and excluded by the court, was proper and competent evidence.    It was not offered to impeach the judgment in any manner, but to show the purpose for which they were to be used, as constituting a step in the further proceedings to reach the property of the common debtor, and, we think, was proper, as tending to show the facts constituting an equitable estoppel upon plaintiffs in error, as before stated.    But as Naylor & Co. have in no way been injured by the decree, the same relief having been granted as if their intervening petition had been retained, and the evidence found in the record sustaining the same considered by the court, they have no just cause for complaint.

Finding no error in this record for which the decree should be reversed, the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*