THE MUTUAL ACCIDENT ASSOCIATION OF THE NORTHWEST

*v.*

B. F. JACOBS, Assignee.

*Filed at Ottawa May 12, 1892.*

1. BAILMENT—*deposit of money in bank—whether general or special.* Where money of any description is deposited in a bank, and the identical gold or silver or bank bills deposited are to be returned to the depositor, and not the equivalent, the deposit will be special, and the bank will have no authority to use the money in its business, and it will be its duty to safely keep and return the identical money to the depositor.

2. SAME.—*whether the relation of debtor and creditor is created.* But where there is a general deposit of money in a bank, the understanding being that a like sum of lawful money shall be returned, the bank is permitted to use the money in its general business, and only the relation of debtor and creditor is created by the transaction.

3. A party, to indemnify the sureties on an appeal bond, deposited with a bank $6000, which was paid by a check upon another bank, and the bank issued a certificate of the deposit, which, after reciting the appeal and the giving of the appeal bond, stated that when the sureties were discharged the deposit was to be returned. The money was not in a package, and was mingled with the other moneys of the bank, so that its identity was lost. The bank failed, and made an assignment of its assets for the benefit of its creditors: *Held*, that the deposit was a general one, creating the relation of debtor and creditor, and that the depositor was not entitled to a prior lien, and a preference over the other creditors.

141  261
 51a 185
 51a 350

141  261
157   69
157  215

141  261
 57a 110

141  261
174  465
 73a 678
 74a 544

141  261
 81a 257
 81a 297
 81a 353

141  261
182  356

141  261
 90a 4249

141  261
 99a 1555

141  261
197  4110
d197 2115
101a 5387
101a 4389

4.  Trust fund—*whether beneficial owner may follow into the hands of an assignee.* Where a trustee has converted a trust fund into money, and mingled it with his own moneys, so that the trust fund can not be separated from the latter, the beneficial owner will occupy the position of a general creditor of the estate, and can not follow the fund into the hands of an assignee for the benefit of creditors.

5.  Where a trustee changes the form of trust property, the right of the beneficial owner to reach it and compel its transfer may still exist if the property can be identified as a distinct fund, and is not so mixed up with other moneys or property that it can no longer be specifically separated. But if the trust property has lost its identity, the beneficial owner must, and under other circumstances may, resort to the personal liability of the wrong-doing trustee.

Appeal from the Appellate Court for the First District;— heard in that court on appeal from the County Court of Cook county; the Hon. Frank Scales, Judge, presiding.

This was a petition in the county court of Cook county, brought by the Mutual Accident Association of the Northwest, in which it was alleged that on the 4th day of October, 1890, petitioner deposited with Samuel A. Kean the sum of $6000 as a special deposit, to be held by Kean to indemnify himself and one Jesse H. Cummings from any liability that might be incurred by them, or either of them, by reason of their having signed an appeal bond, as sureties, in a case wherein Emma A. Tuggle recovered a judgment against petitioner in the circuit court of McDonough county, from which judgment petitioner appealed to the Appellate Court; that at the time the $6000 was so left with Kean, to-wit, on the 4th of October, 1890, he was engaged in the banking business at the city of Chicago, under the name and style of S. A. Kean & Co., having his main banking office or place of business at No. 100 Washington street, in said city, and also having a branch banking office at Nos. 143 and 145 Adams street, in said city, which branch was then operated and carried on by Kean under the care and management of one Wesley L. Knox, as agent and manager, for him; that petitioner deposited the $6000

with Kean at his branch banking office or place of business, and then and there received of and from Kean, by and through his agent and manager, the following certificate of deposit:

"CHICAGO, *Oct. 4, 1890.*

"This is to certify that the Mutual Accident Association of the Northwest has deposited with Samuel A. Kean, of the county of Cook, State of Illinois, the sum of $6000, to be held by the said Kean upon the following conditions: Whereas, one Emma A. Tuggle, of the county of McDonough, recovered a judgment against the said Accident Company for the sum of $5000 and costs, from which the said Accident Company have taken an appeal to the Appellate Court; and whereas, the said Samuel A. Kean and Jesse H. Cummings have signed the appeal bond in the said case: now, therefore, this $6000 deposited with Samuel A. Kean is to be held by the said Kean to indemnify himself and the said Jesse H. Cummings from any loss or liability incurred by them, or either of them, by reason of having signed said appeal bond, and after the said Jesse H. Cummings and Samuel A. Kean are fully discharged from all liability under said bond, then the said $6000 is to be returned to the said Mutual Accident Association, but not otherwise.                        S. A. KEAN & Co., (Branch,)

Wesley L. Knox, *Manager.*"

It is further alleged in the petition, that the $6000 deposited is no part of the assets belonging to S. A. Kean or to his estate, but that the same was and still is the property of petitioner, and placed in the hands of Kean as a special deposit in trust, with the distinct understanding between petitioner and Kean that said sum was to be returned to petitioner as soon as Kean and Cummings should be discharged from all liability under the bond, as appears from the terms of said certificate. The petitioner prays that the sum of $6000 may be declared to be his property, and a trust fund in the hands of Benjamin F. Jacobs, assignee of Kean, and that an order

may be entered by the court directing the assignee to pay, deliver and return the same to petitioner as soon as Samuel A. Kean and Jesse H. Cummings are discharged from all liability under the appeal bond.

The assignee of S. A. Kean put in an answer to the petition, in which he admits the giving of the receipt, as set out in the petition; denies that the $6000 was not and never became the property of Kean, and that it has been since said deposit and still is the property of petitioner, but avers that the deposit became at once, upon its receipt by him, the property of Kean; denies that the $6000, or any part thereof, was in the possession of the assignee, and states that immediately upon its deposit by petitioner it became the property of Kean, and was by him commingled with his other moneys and property in said banking business, and used and paid out by him in the regular course of business.

Mr. ALBERT H. VEEDER, and Mr. MASON B. LOOMIS, for the appellant:

Kean assumed the obligations of a bailee by receiving this money on special deposit as collateral security. *Bank* v. *Graham*, 100 U. S. 699; *Foster* v. *Bank*, 17 Mass. 479.

The execution of the receipt or certificate by Knox, as the agent or manager of Kean, for a special deposit of the money, and its delivery to appellant, created the relation of bailor and bailee between Kean and appellant. *Bank* v. *Walker*, 130 U. S. 267; *Honig* v. *Bank*, 73 Cal. 464; *James* v. *Greenwood*, 20 La. Ann. 297; *Stewart* v. *Frazier*, 5 Ala. 114; *Colyar* v. *Taylor*, 1 Coldw. 372; Story on Bailments, secs. 106-414.

If it be said this was only a pledge, the answer is that a pledge is a bailment, and therefore governed by the same rules of law. 2 Kent's Com. 577; Story on Bailments, sec. 286.

The obligation of the pledgee to preserve the property is equal to that of a person who has it in his custody on a bailment for hire. Jones on Bailments, sec. 120.

Money may be delivered in pledge. Story on Bailments, sec. 290'; *Trust Co.* v. *Rigdon*, 93 Ill. 458; *Iron Co.* v. *Scioto Fire Brick Co.* 82 id. 548; *In re Insurance Co.* 38 id. 289; *Otis* v. *Gross*, 96 id. 612.

That the deposit was held in a fiduciary capacity, see *White* v. *Platt*, 5 Denio, 269; *Matteson* v. *Kellogg*, 15 Ill. 543; *Trustees* v. *Kirwin*, 25 id. 73; *Wilson* v. *Kirby*, 88 id. 566; *Kirby* v. *Wilson*, 98 id. 240; *Clapp* v. *Emery*, 98 id. 523.

Mr. Jesse A. Baldwin, and Messrs. Kraus, Mayer & Stein, for the appellee:

The money in question was not a special deposit. *Bank* v. *Graham*, 100 U. S. 699; *Foster* v. *Bank*, 17 Mass. 479; Anderson's Law Dic. 344; 1 Morse on Banking, sec. 190; Story on Bailments, sec. 88; *Mallory* v. *Willis*, 4 N. Y. 85; *Shoemaker* v. *Heinz*, 53 Wis. 116; *Otis* v. *Gross*, 96 Ill. 612.

To create a special deposit, the contract between the parties must expressly take from the banker authority to use the thing deposited, and must place upon the banker an obligation to return to the depositor the specific deposit *in individuo.* It can not seriously be contended that in the present case such a contract was created, and in its absence the relation of ordinary depositor exists, and the liability of the banker is that of a mere debtor. That such is the law, the following cases demonstrate: *Bank* v. *Rushmore*, 28 Ill. 463; *In re Insurance Co.* 38 id. 289; *Otis* v. *Gross*, 96 id. 612; Story on Bailments, sec. 88; *State* v. *Clark*, 4 Ind. 315; *Keene* v. *Collier*, 1 Metc. 417; *Bank* v. *Ridsey*, 111 U. S. 125; *Scammon* v. *Kimball*, 92 id. 362; 1 Morse on Banking, (3d ed.) secs. 190, 193, 205; *Dawson* v. *Bank*, 5 Ark. 283; *Boyden* v. *Bank*, 65 N. C. 13.

As throwing further light upon the question as to whether a trust was created by the deposit of the money in question, we refer to *Doyle* v. *Murphy*, 22 Ill. 502; *Steele* v. *Clark*, 77

id. 471; *Taylor* v. *Turner*, 87 id. 296; *Weer* v. *Gand*, 88 id. 490; *Lill* v. *Brant*, 1 Bradw. 266.

In support of the proposition that in order to recover a trust fund the specific articles must be found, or others which are the proceeds or products of such articles, by a change which the claimant must distinctly point out, we cite the following additional references: Story's Eq. Jur. secs. 1258, 1259; *Kipp* v. *Bank*, 10 Johns. 63; *Trecothick* v. *Austin*, 4 Mason, 29; *Bank* v. *Russell*, 2 Dill. 215; *Bank* v. *Bank*, 15 Fed. Rep. 858; *In re Vetterlein*, 26 id. 145; *Thompson's Appeal*, 22 Pa. St. 16; *People* v. *Bank*, 78 N. Y. 271; *Butler* v. *Sprague*, 66 id. 392; *Ferris* v. *Van Vechten*, 73 id. 120; *Van Allen* v. *Bank*, 52 id. 4; *Dowes* v. *Kidder*, 82 id. 121; *Allen* v. *Russell*, 78 Ky. 104; *Cook* v. *Tullis*, 18 Wall. 332; *Parker* v. *Jones*, 67 Ala. 234; *Cragie* v. *Hadley*, 99 N. Y. 131; *Bank* v. *Dowd*, 35 Fed. Rep. 340; *Lathrop* v. *Bampeton*, 31 Cal. 17; *Goodell* v. *Buck*, 67 Me. 514; *Steamboat Co.* v. *Locke*, 73 id. 370; *United States* v. *Inhabitants of Waterborough*, 2 Ware, 158; *Johnson* v. *Ames*, 11 Pick. 172; *In re Coan Manf. Co.* 12 Nat. Bank Reg. 203; *In re Janeway*, 4 id. 100; *Appeal of Hopkins' Exr.* 9 Atl. Rep. 867; *Englar* v. *Offutt*, 16 id. 497; *Culham* v. *Stewart*, 3 Can. L. T. 550.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

The $6000 was not passed over to S. A. Kean in currency or other money, but, as appears from the evidence, the officers of the Accident Association drew a check, payable to the order of S. A. Kean & Co., for $6000, on the Union National Bank, and delivered the check to Kean & Co., and the money was drawn on the check and used by Kean in his banking business. It is also plain, from the evidence, that the Accident Association knew that the check was paid, and that the money passed into the bank, and was used by the bank in the same manner as other funds which were received by the bank in

the usual course of business. Under such circumstances, can it be held that the bank received the money as a special deposit,—that the money became a trust fund, and was of such a character that the court was authorized to take it out of the hands of the general creditors and turn it over to petitioner.

If the evidence established the fact that the $6000 had been placed in the hands of Kean & Co. as a special deposit, we think the petitioner was entitled to be protected. But was this a special deposit. As we understand the question, there is a wide difference between a special and a general deposit, as those terms are understood, not only by bankers, but by the public, who are transacting business daily with banks. Where money of any description is deposited in a bank, and the identical gold or silver or bank bills which were deposited are to be returned to the depositor, and not the equivalent, the deposit will be special, while, on the other hand, a general deposit is "a deposit which is to be returned to the depositor in kind." Anderson's Law Dic. 344; 1 Morse on Banking, sec. 190; 2 Am. and Eng. Ency. of Law, 92; *Keen* v. *Colyer,* 1 Metc. 417.

Where gold or silver coin, or a package of bills or currency, is received in a bank as a special deposit, the identical money to be returned, the bank has no authority to use the money in its business,—its duty is to safely keep and return the identical money; but where there is a general deposit, the understanding being that a like sum of lawful money should be returned, the bank is permitted to use the money in its general business, and the relation of debtor and creditor is created by the transaction. There is nothing in the certificate of deposit which was issued by Kean & Co. which indicates that a package amounting to $6000 had been deposited, there to remain for a time and be returned. That was not the transaction, but, as is clearly shown from the evidence, the petitioner gave Kean & Co. a check on another bank, which went through the clearing house and was paid, and Kean & Co.,

with the knowledge of the petitioner, mingled the money with the general funds in the bank. This $6000 was commingled with the general funds of the bank in the same manner as money deposited by other depositors. The money thus became the funds of the bank, and, as such, upon the failure of Kean & Co. could not be followed by the petitioner. If the $6000 had been placed in a separate package, and thus deposited in the bank, and had never been mingled with the general funds of the bank, the position of the petitioner might be sustained; but such was not the case.

*Otis* v. *Gross,* 96 Ill. 613, is a case where the same principle was involved as here. There moneys had been deposited under an order of court, but had not been kept separate from the general funds of the bank, and it was held that the deposit was not a special one, or a mere bailment, but the money deposited became that of the bank.

*Trustees* v. *Kirwin,* 25 Ill. 73, is a case where the same principle is involved; and in *Union Nat. Bank* v. *Goetz,* 138 Ill. 127, after referring to the *Kirwin case* and various other authorities, it is said: "Many other cases might be cited, but enough has been shown to clearly indicate the line of decisions holding the doctrine that trust funds can only be pursued when they can be clearly distinguished from other property held by the trustee or by those representing him, and this court is fully committed to this rule."

*Wetherell* v. *O'Brien,* 140 Ill. 146, is also a case in point. There a deposit had been made with a banker, the intention of the depositor being, that the deposit should be invested in a loan on real estate to be procured by the banker, and it was insisted that the money was deposited for a special purpose, and hence a trust for that purpose arose. In the decision of the case it is said: "Where the money which is delivered to a bank, even though it be for some specified purpose, as, for instance, investment in a mortgage security, has been mingled with the funds of the bank, as was done here, there is no rea-

son why the depositor should be preferred above any other creditor. Where a trustee changes the form of the trust property, the right of the beneficial owner to reach it and compel its transfer may still exist if the property can be identified as a distinct fund, and is not so mixed up with other moneys or property that it can no longer be specifically separated. 'If the trust property has been transferred to a *bona fide* purchaser for value without notice, or has lost its identity, the beneficial owner must, and under other circumstances he may, resort to the personal liability of the wrong-doing trustee.' (2 Pomeroy's Eq. Jur. sec. 1058.) Where a trustee has converted a trust fund into money, and mingled it with his other moneys, so that it can not be separated from the latter, the beneficial owner occupies the position of a general creditor of the estate, and can not follow the fund into the hands of an assignee for the benefit of creditors. (*Ill. Tr. and Sav. Bank of Chicago* v. *Smith*, 21 Blatchf. 275, and cases there cited.) Its identification is a prerequisite to the exercise of the right to follow it. (2 Story's Eq. Jur. sec. 1259.) While it may not be necessary to point to the particular pieces of money or the particular bank bills that were deposited with the trustee, if the trust property be money, yet there must be a preservation of the distinctness of the trust fund."

Here the money passed into the bank as a general deposit. It was mingled with other funds deposited in the bank, so that there is no means of separating it from other moneys received by the bank in its usual course of business, and the petitioner occupies the position of a general creditor.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*