## Geuder & Paescheke Mfg. Co. v. American Trust & Savings Bank.

51 349<br>150s 336

1. ASSIGNMENT FOR THE BENEFIT OF CREDITORS—*Title to Unpaid Checks.*—S. & Co. received from G. P. & Co. a check on a Kansas bank, payable to the order of G. P. & Co. and indorsed by G. P. & Co., "For deposit with S. & Co., to the credit of G. P. & Co." On the next day S. & Co. made an assignment. The payment of the check was stopped and the check itself returned to the assignee. *Held,* that G. P. & Co. were entitled to have the check returned to them.

**Memorandum.**—Assignment for the benefit of creditors. Appeal from an order of the County Court of Cook County, refusing to instruct the assignee to surrender certain property; the Hon. FRANK SCALES, Judge, presiding. Heard in this court at the October term, 1893. Reversed and remanded. Opinion filed January 11, 1894.

The statement of facts is contained in the opinion of the court.

APPELLANT'S BRIEF, WEIGLEY, BULKLEY & GRAY, ATTORNEYS.

Checks deposited and credited as cash do not become the property of the bank so that it takes the risk upon itself, even though the depositor has been allowed to check against the deposit before the paper is collected, and the depositor can recall the check or other paper, if it is still in the pos-

350     APPELLATE COURTS OF ILLINOIS.

VOL. 51.] Geuder & Paescheke Mfg. Co. v. Am. Trust & Sav. Bk.

session of the bank. 2 Morse on Banks and Banking, (3d Ed.) Sec. 586; Balbach v. Frelinghuysen, 15 Fed. Rep. 675.

MORAN, KRAUS & MAYER, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.
The appellee is assignee in insolvency of Abraham G. Becker, surviving partner of the firm of Herman Schaffner & Co., private bankers in Chicago. The appellant kept an ordinary banking account with Schaffner & Co.

On the second day of June, 1893, Schaffner & Co. received in a letter, from the appellant, at Milwaukee, a check, payable to the order of the appellant upon a bank in Kansas, and indorsed by the appellant "For deposit with Herman Schaffner & Co. to the credit of Geuder & Paescheke Mfg. Co."

The next day, the firm of Herman Schaffner & Co. being insolvent, Becker made the assignment to the appellee.

The payment of the check was stopped, the check returned to the appellee, and this is a petition by the appellant that the County Court should direct that it be surrendered to the appellant.

The County Court refused. Had the money on the check been paid and mingled with the funds of Schaffner & Co., in any of the ways by which commercial business is conducted, so that the identity was gone, the appellant would have no case. Mutual Acc. Ass'n v. Jacobs, 141 Ill. 261.

But the check not being paid, and remaining in the hands of the appellee, if it had been received by Schaffner & Co. with an actual intent to defraud the appellant of its value, the appellee would have no defense.

He is not a *bona fide* purchaser—merely a volunteer, standing in the shoes of Schaffner & Co., and subject to all claims for rescission that would have been good against them.

Now, the statute, Ch. 38, Sec. 25a (Hurd), 118 (Starr & Curtis) makes this assignment *prima facie* evidence of the intent of Schaffner & Co., to defraud; whether by reason of insolvency or not, is foreign to the present inquiry.

The statute is in place of proof that Schaffner & Co. received the check with intent to defraud the appellant, by what method, is immaterial.

The order of the County Court is reversed and the cause remanded to the County Court, with directions to that court to order the appellee to surrender the check to the appellant.