WILD ET AL. *v.* NOBLESVILLE BUILDING, LOAN FUND
AND SAVINGS INSTITUTION ET AL.

[No. 18,363.   Filed May 23, 1899.]

FRAUDULENT CONVEYANCES.—*Judgments. — Mortgages. — Priority of
Liens.*—Plaintiff brought suit to set aside a conveyance of real
estate as fraudulent, and to subject the property to sale for pay-
ment of his unsecured claim, filing a *lis pendens* notice thereof.
Pending the suit the property was reconveyed, and the owner mort-
gaged same.   *Held,* that the mortgagees who acquired their alleged
rights from defendant, *pendente lite,* were bound by a decree de-
claring the conveyance fraudulent and void as to plaintiff and order-
ing a sale of the property to pay his claim.

From the Tipton Circuit Court.   *Affirmed.*

*Frank E. Gavin, Charles F. Coffin, Theo. P. Davis,
James L. Gavin* and *George Shirts,* for appellants.

*J. L Griffiths, A. F. Potts, Christian & Christian, A.
G. Smith* and *C. A. Korbly,* for appellees.

BAKER, J.—On April 27, 1894, Julia Becker executed a
mortgage to the Building Association.   Prior to March 13,
1895, she had become indebted to Schnull.   That day she
conveyed her property to her brother Leonard Wild.   April
10, 1895, Schnull brought suit against Becker and Wild to
recover judgment against Becker, to have the conveyance set
aside as fraudulent, and to subject the property to sale for
payment of the claim.   A *lis pendens* notice was duly filed.
On January 31, 1897, a decree was rendered, adjudging the
amount due from Becker to Schnull, declaring the convey-
ance from Becker to Wild fraudulent and void as to Schnull,
and ordering the sale of the property to pay Schnull's claim.

On July 10, 1895, Wild reconveyed the property to
Becker, and Becker at once mortgaged it to Wild and other
appellants.   September 29, 1896, the Building Association
commenced suit to foreclose its mortgage, making Wild and
the other junior mortgagees defendants.   Wild, by cross-

complaint to foreclose his mortgage, brought Schnull into the case. Against the claims of Wild and the other junior mortgagees Schnull in a cross-complaint set up the decree of January 31, 1897. Demurrers to Schnull's cross-complaint were overruled. Wild answered that in the suit of Schnull against Becker and Wild his mortgage was not referred to in the complaint or in the decree; that the validity of his mortgage was not in issue in that case; that his mortgage was taken in good faith for a valuable consideration. The other junior mortgagees answered that they were not parties to the suit of Schnull against Becker and Wild; that the validity of their mortgages was not in issue; that their mortgages were taken in good faith for full value. Schnull's demurrers to these answers were sustained. The appellants refused to plead further.

What was the nature of the suit of Schnull against Becker and Wild, and what the effect of the decree therein?

Prior to the adoption of §280 R. S. 1881, §281 Burns 1894, §280 Horner 1897, relating to the joinder of causes of action, a general creditor was required to show that he had reduced his claim to judgment and was unable to obtain satisfaction by execution before a court of equity would undertake to set aside his debtor's fraudulent conveyance. It was a question of equitable jurisdiction. Until the creditor demonstrated that he could not obtain adequate relief at law, it was presumed that his legal remedy was sufficient and equity would not entertain his suit to make his claim out of specific property in the hands of third parties. The conveyance, though made to defraud creditors, was good between the parties to it, and the grantee was entitled to hold undisturbed until the creditor had discharged the burden of proving the necessity for equitable interference. The suit of the creditor was known as a "judgment creditor's bill" as distinguished from a "general creditor's bill." *Iauch v. De Socarras*, (N. J. Eq.), 39 Atl. 381; *Hancock v. Wooten*, 107 N. C. 9, 12 S. E. 199, 11 L. R. A. 466; 4 Harvard Law

Rev. 99; *United States Bank* v. *Burke*, 4 Blackf. 141; *Barton* v. *Bryant*, 2 Ind. 189; *Butler* v. *Jaffray*, 12 Ind. 504; *Bottorff* v. *Covert*, 90 Ind. 508; *Simons* v. *Busby*, 119 Ind. 13; *Voorhees* v. *Carpenter*, 127 Ind. 300; *Doherty* v. *Holliday*, 137 Ind. 282; 2 Pom. Eq. Jur. §1057, n. 1; Bump Fr. Conv. §581.

If the court of equity rendered a decree in favor of the judgment creditor upon his bill, a purchaser at the sale under the decree acquired the title that the litigants had at the commencement of the suit. This rule was necessary to the dignity and vigor of the court. If a stranger to the record were permitted to acquire from a party any interest in the *res litigiosa* while the court was determining the rights of the litigants, the suit would be idle and the decree ineffectual. Therefore the property was deemed to be in *custodia legis* whether the court had actually seized it or not. Authorities, *supra; Truitt* v. *Truitt*, 38 Ind. 16; *Green* v. *White*, 7 Blackf. 242; *Scott* v. *McMillan*, 1 Littel (Ky.) 302, 13 Am. Dec. 239; *Burt* v. *Keyes*, 1 Flippen 61, Fed. Cas. No. 2212; *Talcott* v. *Grant Wire, etc., Co.*, 131 Ill. 248, 23 N. E. 403; *Hovey* v. *Elliott*, 118 N. Y. 124, 23 N. E. 475; *Rothschild's Adm.* v. *Kohn*, 93 Ky. 107, 19 S. W. 180.

Appellants contend that these equitable principles are not applicable to the proceeding authorized by the code wherein a contract creditor seeks to recover judgment on his claim and to subject fraudulently conveyed property to sale for payment thereof; that the commencement of such a suit does not place the property within the custody of the law; that until the plaintiff's claim is reduced to judgment and the lien thereof has attached to the property the defendants have the right of disposition unaffected by the suit; that the statutes subjecting lands fraudulently conveyed to sale on execution (subd. 2, §752 R. S. 1881 and Horner 1897, §764 Burns 1894) and on attachment (subd. 5, §913 R. S. 1881 and Horner 1897, §925 Burns 1894), by furnishing a plain

and adequate remedy at law, restrict the former equitable jurisdiction.

Equity jurisprudence in its fulness is in force in this State except as curtailed by Constitutions and statutes. §236 R. S. 1881, §236 Burns 1894, §236 Horner 1897.

The statute in reference to the joinder of causes of action merely affects procedure, combines common law and equity practice, and authorizes forms of action that previously were not maintainable in the separate courts. It does not purport to cut off any primary or remedial rights in equity then existing. The intendment is that the legislature did nothing in derogation thereof. The effect of the statute is to permit a creditor to seek satisfaction out of specific property without waiting for judgment, execution and return of *nulla bona.* The common law action to recover judgment on the debt and the equitable suit to set aside the fraudulent conveyance go on hand in hand. So far as the equitable suit is concerned, the statute merely changed the terms on which a suitor might apply to a court of equity. The averments of debt, insolvency and no property subject to execution replace the former allegations of judgment, execution and *nulla bona,* to invoke equitable interposition. But, equitable jurisdiction having been invoked, the same necessity and reasons exist as formerly for the rule that the property shall be deemed to be in the custody of the court from the commencement of the suit. In its nature, therefore, the action under the code wherein a contract creditor seeks to recover judgment on his claim and to subject fraudulently conveyed property to sale for payment thereof is the same as the former judgment creditor's bill. If realty is involved, a further condition is that the suitor shall file his *lis pendens* notice according to the statute in order to give constructive notice.

Is the equitable jurisdiction ousted by the statute authorizing the sale on execution of lands fraudulently conveyed? The judgment is against the debtor. The execution is levied

on the property as belonging to the debtor. It is the debtor's, as far as the creditor is concerned, if it was fraudulently conveyed. That question lies *in pais*. The right to the execution sale does not in itself give the creditor a plain and adequate remedy at law.

And the same is true of attachment. Attachment is a statutory proceeding. The statute contains no provision for determining the rights of third parties in an attachment proceeding, as such, in the circuit court. See article 31 of the code; *Risher* v. *Gilpin*, 29 Ind. 53; *Davis* v. *Warfield*, 38 Ind. 461. If personalty is attached, the alleged fraudulent grantee may bring the attaching creditor to book in an action in replevin. If real or personal property is attached, the alleged fraudulent mortgagee may make the attaching creditor defend a foreclosure suit. If realty is attached, the alleged fraudulent grantee or mortgagee may bring suit to clear the title of the pretended lien of the attachment. Or, the attaching creditor may take the initiative to remove obstructions in the way of his writ. *Quarl* v. *Abbett*, 102 Ind. 233, 52 Am. Rep. 662. It is manifest that an attachment (ancillary to an action for judgment against the debtor alone and the writ directing the officer to seize only the property of the debtor) does not in and of itself furnish the creditor an adequate remedy at law.

It follows that Wild, who was a party to the suit of Schnull against Becker and Wild, and the other appellants, who acquired their alleged rights from the defendants *pendente lite*, are bound by the decree of January 31, 1897, set up in the answer and cross-complaint of Schnull.

This conclusion is in consonance with the decisions of those states whose codes permit a contract creditor to maintain a suit to set aside his debtor's fraudulent conveyances without having first obtained judgment on his claim, execution and return of *nulla bona*. *Evans* v. *Welch*, 63 Ala. 250; *Wallace* v. *Treakle*, 27 Gratt. (Va.) 479; *Noyes* v. *Carter*, (Va.) 23

S. E. 1; Clark v. Figgins, 31 W. Va. 156, 5 S. E. 643; Sweeney v. Sugar Refining Co., 30 W. Va. 443, 4 S. E. 431. Judgment affirmed.