J. H. YOUNG *et al.* v. ISAAC SHOCKEY *et al., as Partners, etc.*

No. 15,780.

PRIORITY OF LIENS—*Laborer—Garnisher.* Laborers held not entitled to a lien upon a fund due their employer superior to that obtained by another creditor by garnishee process.

Error from Dickinson district court; OSCAR L. MOORE, judge. Opinion filed April 10, 1909. Affirmed.

*Edward C. Little,* for the plaintiffs in error.

*Robert H. Seeds,* for the defendants in error.

*Per Curiam:* This action was commenced before a
justice of the peace in Dickinson county by the defend-
ants in error against plaintiff in error J. H. Young. In
the action Leckron was garnisheed, and answered that
he was indebted to the defendant, Young, in the sum of
$225, which amount was paid into court. The plain-
tiffs in error other than Young filed interpleas claim-
ing to have a lien upon this fund which was prior in
right to that of the plaintiffs.

Upon a trial the court found against the defendant,
Young, and all the interpleaders, and awarded the en-
tire fund to the plaintiffs. To this ruling of the court
Young and all the interpleaders excepted. The case
was taken to the district court of that county by peti-
tion in error, where the decision of the justice of the
peace was affirmed. Young and the interpleaders ex-
cepted, and bring the case here for review.

After the case was filed in this court Young settled
the controversy so far as he was concerned, and filed
a motion to dismiss the proceeding in error so far as he
is concerned, which motion is allowed, and as to him
the case is dismissed. The Muenzenmayers have also
filed a motion to dismiss so far as they are concerned,
which is likewise allowed, and as to them the case is
dismissed.

This leaves for consideration the complaint of the
other plaintiffs in error. J. H. Young bought a thrash-
ing outfit from Muenzenmayer on time. In the contract
of purchase he agreed to apply four cents a bushel for
all wheat thrashed by his outfit upon the purchase-
price thereof until it was paid. He did thrashing for
Leckron, the garnishee herein, and the money obtained
by the court was due from the garnishee on account of
such thrashing.

R. C. Dederick and his twelve co-interpleaders worked

as day-laborers in doing the thrashing for which the garnishee acknowledged himself to be indebted to Young for the amount paid into court. No complaint was made because these thirteen parties united their several claims in the same cause of action. These interpleaders claim a lien upon this fund for the reason that they, by their work and labor, helped to earn it. The allegations of their interplea upon this point read:

"And the said interpleaders, interpleading herein, state that the above sums are due them by J. H. Young, for work and labor in thrashing the wheat of the said Leckrons; that, therefore, they have a lien upon the $225 deposited in this court by the said Leckrons, and that said lien is a first and prior lien to all other liens, and is for work and labor; that the said W. J. and L. S. Leckron are themselves indebted to the said interpleaders therefor, as well as J. H. Young.

"And the said interpleaders pray this court that their said claims be allowed, that they be given judgment against J. H. Young and W. J. and L. S. Leckron in the amounts above named, respectively, with interest from July 30, 1907, and that the same judgments be made first and prior liens upon this $225, and for costs of this action."

Who employed these parties to do this work does not appear; why Young and Leckron both owe them for it is not stated; why they ask judgment against Leckron, when he is not a party, we do not know; what facts exist which justify the application of Young's money to the payment of Leckron's debt are not stated. We have not been cited to any authority which supports the contention that the facts here stated constitute a lien in favor of a day-laborer which is superior to that obtained by another creditor by garnishee process, and we know of none.

The judgment is affirmed.