The People of the State of Illinois ex rel. Andrew Russel, Auditor of Public Accounts of Illinois (Complainant), v. Michigan Avenue Trust Company et al. (Defendants).
Mary J. Barbour (Intervening Petitioner), Plaintiff in Error, v. John W. O'Leary, Receiver of Michigan Avenue Trust Company, Defendant in Error.

Gen. No. 28,758.

1. BANKING—*right to preferred claim against general deposits.* A judgment creditor of a general depositor of a bank who has filed a creditor's bill against her judgment debtor and the bank prior to the closing of the bank is not entitled to establish her claim as a preferred one against the receiver of the bank to the extent of her debtor's general deposit in such bank, since the creditor's bill gave her no greater lien than her judgment debtor had and did not operate as a segregation of the debtor's deposit nor impress it with any equitable lien or trust in the receiver's hands.

2. BANKING—*lien of creditor's bill against general deposits in hands of receiver.* A receiver of an insolvent bank does not take the assets of such bank subject to a lien in favor of a judgment creditor of a general depositor so as to give such judgment creditor a preferred claim in the amount of her debtor's general deposit by reason of the fact that she filed a creditor's bill against her debtor and the bank prior to the receivership, since the rule that a receiver's possession is subject to all valid liens existing on the property at the time of his appointment is applicable only where the receivership is that of the judgment debtor's assets or the lien has attached to definite physical property or that which has been segregated and set apart.

3. BANKING—*effect of injunctional order in creditor's suit restraining general depositor and bank.* An injunctional order in a creditor's suit against a judgment debtor and a bank in which the debtor had a general deposit from disposing of or transferring the fund did not operate to segregate the general deposit or impress it with a trust in favor of the judgment creditor as against a receiver of the bank subsequently appointed so as to give such judgment creditor a preferred claim.

4. BANKING—*sufficiency of proof to support lien of creditor's bill against deposit in defunct bank.* Evidence that a judgment debtor had a certain sum on general deposit in a bank eleven days prior

to the filing of a creditor's bill by the judgment creditor is insufficient to show that such debtor had anything on deposit at the time when a lien could attach under the creditor's bill where there is no evidence as to the period subsequent thereto and prior to the time when such lien would attach by the service of summons or process, the date of which is not shown.

Error by plaintiff to the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding. Heard in the first division of this court for the first district at the October term, 1923. Affirmed. Opinion filed March 10, 1924.

Roy S. GASKILL, for plaintiff in error.

DEFREES, BUCKINGHAM & EATON, for defendant in error; MATTHEW MILLS and J. STERLING HALSTEAD, of counsel.

MR. JUSTICE McSURELY delivered the opinion of the court.

Mary J. Barbour filed her petition seeking to establish a preferred claim for $2,386.98 against the Michigan Avenue Trust Company in the hands of a receiver. Answer was filed by the receiver and upon consideration the court found that she was not entitled to a preferred claim and dismissed her petition without prejudice to her rights as a general creditor of the bank.

The facts are not in dispute. Mary Barbour, the petitioner, obtained a judgment in the municipal court against W. H. Gentry and G. J. Hughes for $5,287.50 and execution was issued and returned not satisfied.

December 15, 1920, plaintiff filed a creditor's bill in the circuit court making Gentry and Hughes and the Michigan Avenue Trust Company defendants, an injunction was issued and served on all said defendants enjoining them from transferring or otherwise disposing of the money in said bank on deposit in the name of Gentry.

February 17, 1921, the Trust Company filed its an-

swer saying that on December 9, 1920, it had on deposit in the name of W. H. Gentry in a checking account $2,356.91, and in a savings account $30.07.

July 21, 1921, the Michigan Avenue Trust Company was closed and August 9, 1921, John W. O'Leary was appointed receiver of said bank.

October 20, 1921, a decree was rendered on the above mentioned creditor's bill in favor of Mary J. Barbour, and against Gentry and others wherein it was ordered that the Michigan Avenue Trust Company pay to her $2,386.98.

A general bank deposit does not represent any specific currency or assets held by the bank but is in law and in fact a chose in action or debt due from the bank to the depositor on demand. *Mutual Acc. Ass'n v. Jacobs,* 141 Ill. 261. A judgment creditor by filing a creditor's bill obtains no greater rights in the debts due the judgment debtor than the judgment debtor himself has. 15 Corpus Juris, page 401, sec. 62; *Bonte v. Cooper,* 90 Ill. 440; *Tumy v. Mayer,* 289 Ill. 458. To establish a right to the payment in full of a bank deposit as a preferred claim against an insolvent bank it must be shown not only that there was a basis in equity for the imposition of an equitable lien or trust but also that certain definite property either currency or other assets of the bank segregated as the object of the lien or trust has come into the hands of the receiver of the bank. *Mutual Acc. Ass'n v. Jacobs,* 141 Ill. 261; *Bayor v. American Trust & Savings Bank,* 157 Ill. 62; *Lanterman v. Travous,* 174 Ill. 459; *Woodhouse v. Crandall,* 197 Ill. 104.

These rules bar petitioner as a preferred creditor. Gentry as a general depositor of the Trust Company was a creditor of the bank to the amount of his deposit, and would be entitled to the allowance of his claim in the receivership proceedings only as a general creditor of the bank. Petitioner's creditor's bill gives her a lien on no greater right than her judgment

debtor Gentry had.   There was no segregation of
Gentry's deposit nor did the receiver take it subject
to any equitable lien or trust.   The value of petition-
er's lien would depend upon how much of the bank's
debt to Gentry might be paid.   The debt was like any
other chose in action having a changing cash value
which is not fixed until ultimately paid.

Petitioner, however, says that a receiver's posses-
sion is subject to all valid liens existing on the prop-
erty at the time of his appointment.   *Mulcahey v.
Strauss,* 151 Ill. 70, and that the filing of the creditor's
bill gave the complainants a lien from the date of fil-
ing, upon the property of the judgment debtor Gentry.
*Talcott v. Grant Wire & Spring Co.,* 131 Ill. 248; *Hal-
lorn v. Trum,* 125 Ill. 247.

But these and the other cases cited by petitioner are
the ordinary cases where a creditor's bill is filed
against a judgment debtor and a receiver of his assets
has been appointed and it is held that the receiver
takes the property of the judgment debtor subject to
the lien of the creditor's bill.   This is not such a case.
The receiver here is not of the assets of the judgment
debtor Gentry but of a third party, the bank.   No
cases are cited in which the third party, from whom a
debt is due to the judgment debtor in a creditor's bill,
has become insolvent.

Other cases are presented where the lien of a cred-
itor's bill attaches to certain physical property or
a certain sum of money segregated and set apart but
such facts and conditions are not present in the case
before us.

The injunctional order restraining Gentry and the
bank from disposing of or transferring any deposit
would not operate to segregate the fund or impress it
with a trust so as to give the complainant in the cred-
itor's bill a preferred claim.   This order did not
change the character of the general deposit but oper-
ated on the conduct of the parties with reference to it.

Upon the general principles announced in the cases

first above cited and upon reason we hold that petitioner could only prosecute her claim as a general creditor.

Another reason in this case for barring the petitioner as a preferred creditor is that the record does not show that Gentry had anything on deposit with the bank when, if ever, the lien of the creditor's bill attached. The bank admitted a deposit in the name of Gentry on December 9, 1920. This was eleven days prior to the filing of the creditor's bill but the filing of the bill does not create a lien until summons or subpœna has been served. *Hallorn v. Trum,* 125 Ill. 247. The record here is silent as to the time of service of summons or subpœna. So that, subsequent to December 9, 1920, when Gentry had a deposit, there was an indefinite period of time before the creditor's bill became a lien, whenever that was, during which the amount of the deposit might have been changed or withdrawn altogether. The lien does not relate back to the date of the judgment so as to affect assignments between the date of the judgment and the time of the filing of the bill. 15 Corpus Juris 1443. The decree on the creditor's bill entered some time after the receivership would not bind the receiver. In this state of the record there is nothing to support the petitioner's claim to be a preferred creditor.

For the reasons above stated the order of the circuit court is affirmed.

*Affirmed.*

MATCHETT, P. J., and JOHNSTON, J., concur.