[Civil No. 3255.  Filed October 3, 1932.]

[14 Pac. (2d) 709.]

S. W. ELLERY, as Superintendent of Banks of the State of Arizona and *Ex-officio* Receiver of SONORA BANK AND TRUST COMPANY, an Insolvent Banking Corporation, Appellant, v. E. K. CUMMING, Appellee.

Mr. James V. Robins, for Appellant.

Mr. G. A. Little, for Appellee.

LOCKWOOD, J. — E. K. Cumming, hereinafter called plaintiff, recovered judgment in the superior

court of Santa Cruz county against one H. J. Farmer for $527.30. On September 12th, 1931, and after such judgment, he had a writ of garnishment served upon the Sonora Bank & Trust Company, hereinafter called the bank, which answered denying any indebtedness to Farmer. The answer was controverted by plaintiff and an issue in garnishment duly formed. Before such issue could be heard, the bank became insolvent and its assets were taken over by S. W. Ellery, as superintendent of banks, hereinafter called defendant, and he was substituted as garnishee in place of the bank. Thereafter the issue in garnishment was tried, and the court found that, at the time the writ was served on the bank, Farmer had in a general deposit with it the sum of $281.98, and rendered judgment accordingly. Plaintiff then filed a claim with defendant, as receiver, for the amount of such judgment in garnishment asking that it be allowed as a preferred claim. This defendant refused to do, but did allow it as a general claim, whereupon plaintiff brought this suit to establish his right to a preference. The trial court rendered judgment ordering the defendant to allow and pay the claim as a preferred claim, there being ample funds in his hands for such purpose, and from such order this appeal is taken.

The sole question before us is whether, as a matter of law on the foregoing facts, plaintiff was entitled to a preference as against the assets of the bank, or merely a general claim.

Garnishment is a creature of the statute. It is obtained after judgment through affidavit to the effect that the garnishee is indebted to the judgment debtor or has in his hands effects belonging to such judgment debtor. Upon such affidavit a writ is issued and served upon the garnishee in the same manner as summons in a civil action. The effect of the writ after service, so far as we need consider it

for the purpose of this case, is set forth in the 1928 Code as follows:

"§ 4264. Liability of garnishee; replevin by defendant; bond; judgment thereon. From and after the service of such writ of garnishment, the garnishee shall not pay to the defendant any debt, or deliver to him any property. . . . "

"§ 4269. Judgment for plaintiff against garnishee. Should it appear from the answer of the garnishee, or otherwise, that the garnishee is indebted to the defendant, in any amount, or was so indebted when the writ was served, the court shall render judgment for the plaintiff against the garnishee for the amount so admitted or found to be due to the defendant from the garnishee, unless such amount shall exceed the plaintiff's judgment against the defendant in which case it shall be for the amount of such judgment.

"§ 4270. Garnishee to deliver property to officer. Should it appear from the answer of the garnishee, or otherwise, that the garnishee has in his possession, or had when the writ was served, any property of the defendant liable to execution, the court shall render judgment requiring the garnishee to deliver to the sheriff or any constable presenting an execution in favor of the plaintiff against the defendant, such property or so much thereof as may be necessary to satisfy such execution, which judgment may be enforced as a contempt."

It is, of course, conclusively established by the record herein that the garnishee bank was indebted to the defendant, when the writ was served, in the sum of $281.98, and the court properly rendered judgment against it for that amount.

A receiver of an insolvent bank under the laws of Arizona takes possession of the assets thereof subject to all equities in favor of third persons which have arisen or been obtained as against any of the property or assets of the bank prior to such receivership, and to any liens obtained more than thirty days prior to such taking over of the bank. Section 246, Rev. Code 1928. The question then is whether or

not the service of the writ of garnishment created a lien on the assets of the bank or an equity in favor of plaintiff having the effect of a lien.

Attachment and garnishment are in many respects very similar in their nature, and the ordinary rule is that an attaching or garnishing creditor can gain no greater right over the property or interest of the judgment debtor so attached and garnished than the debtor himself has therein. 28 C. J. 241, 242, and notes. This is the law as to a bank deposit. *John M. C. Marble Co.* v. *Merchants' Nat. Bank,* 15 Cal. App. 347, 115 Pac. 59; *Naser* v. *N. Y. City First Nat. Bank,* 36 Hun (N. Y.) 343. If this be true, it would appear that, when a bank, which is the garnishee, becomes insolvent after a garnishment, if the bank has in its possession property or a special trust fund which would entitle the judgment debtor to claim a preference as against ordinary creditors of the bank, the garnishor should have the same right. If on the other hand the debt owed by the bank is such that the judgment debtor could claim no more than a right to participate *pro rata* in the assets of the bank with its ordinary creditors, it would seem but reasonable that the garnishor should have the same right and no more. Defendant has cited to us as supporting this rule of law the case of *People* v. *Michigan Ave. Trust Co.,* 232 Ill. App. 456. In that case the situation was almost exactly the same as in the case at bar, except that the proceeding whereby the deposit of the judgment debtor in the hands of the bank was to be reached under Illinois practice is called a creditor's bill rather than garnishment as under the Arizona statute. The court therein says:

"A general bank deposit does not represent any specific currency or assets held by the bank but is in law and in fact a chose in action or debt due from the bank to the depositor on demand. *Mutual Acc. Assn.* v. *Jacobs,* 141 Ill. 261 [31 N. E. 414, 16 L. R. A.

516, 33 Am. St. Rep. 302]. A judgment creditor by filing a creditor's bill obtains no greater rights in the debts due the judgment debtor than the judgment debtor himself has. 15 Corpus Juris, page 401, sec. 62; *Bonte* v. *Cooper*, 90 Ill. 440; *Tumy* v. *Mayer*, 289 Ill. 458 [124 N. E. 661]. To establish a right to the payment in full of a bank deposit as a preferred claim against an insolvent bank it must be shown not only that there was a basis in equity for the imposition of an equitable lien or trust but also that certain definite property either currency or other assets of the bank segregated as the object of the lien or trust has come into the hands of the receiver of the bank. *Mutual Acc. Assn.* v. *Jacobs*, 141 Ill. 261 [31 N. E. 414, 16 L. R. A. 516, 33 Am. St. Rep. 302]; *Bayor* v. *American Trust & Savings Bank*, 157 Ill. 62 [41 N. E. 622]; *Lanterman* v. *Travous*, 174 Ill. 459 [51 N. E. 805]; *Woodhouse* v. *Crandall*, 197 Ill. 104 [64 N. E. 292, 58 L. R. A. 385].

"These rules bar petitioner as a preferred creditor. Gentry as a general depositor of the Trust Company was a creditor of the bank to the amount of his deposit, and would be entitled to the allowance of his claim in the receivership proceedings only as a general creditor of the bank. Petitioner's creditor's bill gives her a lien on no greater right than her judgment debtor Gentry had. There was no segregation of Gentry's deposit nor did the receiver take it subject to any equitable lien or trust. The value of petitioner's lien would depend upon how much of the bank's debt to Gentry might be paid. The debt was like any other chose in action having a changing cash value which is not fixed until ultimately paid.

"Petitioner, however, says that a receiver's possession is subject to all valid liens existing on the property at the time of his appointment. *Mulcahey* v. *Strauss*, 151 Ill. 70 [37 N. E. 702], and that the filing of the creditor's bill gave the complainants a lien from the date of filing, upon the property of the judgment debtor Gentry. *Talcott* v. *Grant Wire & Spring Co.*, 131 Ill. 248 [23 N. E. 403]; *Hallorn* v. *Trum*, 125 Ill. 247 [17 N. E. 823].

"But these and the other cases cited by petitioner are the ordinary cases where a creditor's bill is filed

against a judgment debtor and a receiver of his assets has been appointed and it is held that the receiver takes the property of the judgment debtor subject to the lien of the creditor's bill. This is not such a case. *The receiver here is not of the assets of the judgment debtor Gentry but of a third party, the bank.* No cases are cited in which the third party, from whom a debt is due to the judgment debtor in a creditor's bill, has become insolvent.

"Other cases are presented where the lien of a creditor's bill attaches to certain physical property or a certain sum of money segregated and set apart but such facts and conditions are not present in the case before us." (Italics ours.)

Counsel for plaintiff has cited to us many cases which he claims uphold the position taken by him in the lower court and by it sustained. These cases may be generally divided into three classes: (a) Where the garnishee shows specific assets of the judgment debtor in the hands of the garnishee which the debtor could have recovered in specie from an insolvent garnishee. *Barton* v. *Spencer,* 3 Okl. 270, 41 Pac. 605; *Davis Mill Co.* v. *Bangs,* 6 Kan. App. 38, 49 Pac. 628; *Linn County Bank* v. *Davis,* 109 Kan. 758, 202 Pac. 97; *Focke* v. *Blum et al.,* 82 Tex. 436, 17 S. W. 770; *Reed* v. *Fletcher,* 24 Neb. 435, 39 N. W. 437; *Grand Island Banking Co.* v. *Costello,* 45 Neb. 119, 63 N. W. 376; *Beamer* v. *Winter,* 41 Kan. 297, 21 Pac. 251; (b) cases where the contest was between two creditors of the judgment debtor, the garnishee being an indifferent stakeholder as between them. *Nebraska Moline Plow Co.* v. *Fuehring,* 60 Neb. 316, 83 N. W. 69; *Rickman* v. *Rickman,* 180 Mich. 224, 146 N. W. 609, Ann. Cas. 1915C 1237; *Young* v. *Shockey,* 80 Kan. 78, 101 Pac. 631; and (c) cases where both parties were solvent or the debtor was insolvent, so that the question of a preference as between creditors of the garnishee would not arise. *Farrington* v. *F. E. Fleming Commission Co.,* 94 Neb.

108, 142 N. W. 297, 47 L. R. A. (N. S.) 742; *Busch-man* v. *Hanna,* 72 Md. 1, 18 Atl. 962; *Citizens' Nat. Bank* v. *Dasher,* 16 Ga. App. 33, 84 S. E. 482; *Neu-felder* v. *German American Ins. Co.,* 6 Wash. 336, 33 Pac. 870, 22 L. R. A. 287, 36 Am. St. Rep. 170.

It is obvious to us that none of these cases raise the precise issue presented in the case at bar, and plaintiff has cited none which does. Unquestionably a garnishment confers superior rights as against other creditors of the *judgment debtor.* It is equally true that, when the garnishee holds specific property in trust for the judgment debtor, which the latter himself could recover from an insolvent garnishee, the garnishor standing in the judgment debtor's shoes would have the same right, and it is also beyond doubt that, when the garnishee owes the debt and is perfectly solvent, there can be no objection raised by other creditors of his.

But these principles have no bearing on the question now before us. We think, on both reason and authority, that a garnishor can obtain no rights as against a garnishee superior to the rights which at the time of garnishment were held by the judgment debtor as against such garnishee, and since under our previous decisions the judgment debtor in the present case would only have had an ordinary claim against the assets of the insolvent bank, plaintiff herein is entitled to have his claim filed and paid only as an ordinary and not as a preferred one. The judgment of the superior court of Santa Cruz county is reversed, and the cause is remanded with instructions to enter judgment in accordance with the principles set forth in this appeal.

McALISTER, C. J., and ROSS, J., concur.